THE STATE, WILLIAM M. ANDERSON, PROSECUTOR, v.
THE CITY OF CAMDEN.

A complaint that a person applied to another a profane epithet at the latter person's residence, does not charge a violation of an ordinance of Camden city, providing for the conviction of all persons who shall make, aid, countenance or assist in making any improper noise, riot, disturbance or breach of the peace on the streets or highways, or elsewhere within the city.

On *certiorari.*

One Catharine Hutchinson filed a complaint before Jesse Pratt, mayor of Camden, sitting as a magistrate. The complaint stated, that one William H. Anderson was a disorderly person at the residence of the complainant, No. 251 Pine street, and did then and there call her a " G—d d—n bitch,"

contrary to section 298 of an ordinance entitled "An ordinance revising the ordinances of the city of Camden," passed December 30th, 1886, and against the peace of the city, the government and dignity of the same. A warrant was issued, and upon the said Anderson being brought before the magistrate and the complaint being read to him, he pleaded guilty thereto, and was sentenced to pay the cost of prosecution, which were paid. This writ brings up the proceedings.

Argued at June Term, 1889, before Justices REED, MAGIE and GARRISON.

For the prosecutor, *John W. Wartman.*

For the defendant, *J. Willard Morgan.*

The opinion of the court was delivered by

REED, J. Section 298 of the ordinance alluded to in the above complaint reads thus: "All persons who shall make, aid, countenance or assist in making any improper noise, riot, disturbance or breach of the peace in the streets and highways or elsewhere within the city, and all persons who shall collect in bodies or crowds for idle or unlawful purposes, to the annoyance or disturbance of citizens or travelers, shall severally forfeit and pay a fine of $5." This ordinance was passed in pursuance of the authority given council by revised charter of the city of Camden (*Pamph. L.* 1871, *p.* 225, § 30, ¶ 2), which section empowers the common council to pass ordinances " to prevent vice, drunkenness and immorality, to preserve the public peace and good order, to prevent and quell riots, disturbances and disorderly assemblings."

The question propounded is, whether the complaint to which the prosecutor plead guilty sets forth a violation of section 298 of the above ordinance. It is apparent, that the general charge that the defendant was a disorderly person has no force, unless accompanied by a statement of the facts which constituted such disorder. There is no charge that he was guilty of making, or of assisting in making, any improper

noise, riot, disturbance or breach of the peace in the streets or highways, or other public place within the city. The charge is, that he was guilty of using a profane epithet toward the complainant at her residence. So far as appears from the complaint, there was no noise nor any disturbance of any part of the public, but the sole offence of the defendant consisted in the use of a disgraceful epithet in respect to the defendant in a private place. The import of the section of the ordinance, read as a whole, together with the section of the charter which is relied upon as authorizing its passage, clearly displays an intent to prohibit offences of a public character. It is true, that the word "elsewhere" follows, and is coupled with the words "streets and highways," in designating the place where the prohibited conduct may occur. But all these words must be construed together, and the word "elsewhere," following the words "streets and highways," must be regarded as signifying places *ejusdem generis,* namely, parks, squares and places frequented by the public. *Pott. Dwar. Stat.* 236 ; *Livermore* v. *Camden,* 2 *Vroom* 507.

And the act itself set forth must appear to be such as, by reason of its noisy, riotous character, or its disturbing or indecent features, amounts to a breach of the peace. Viewed in this aspect, the complaint is entirely insufficient to charge a violation of the ordinance.

The judgment must be set aside.