BIRD ALGER PEER, PROSECUTOR, v. JOSEPHUS E. DIXON ET AL.

Submitted December 7, 1911—Decided March 30, 1912.

1. The words "or elsewhere" in an ordinance which provides, among other things, that "any person or persons who shall in any street, railroad depot. public place or elsewhere within the town of Boonton use obscene language," &c., construed to refer to places of the same character, that is, to places frequented by the public, and therefore a private yard abutting on a highway would not be included within its terms.

2. The complaint and record of conviction are both defective in failing to set out that the language denounced by the ordinance was used in a public place, the omission of which in either invalidates the conviction.

---

On *certiorari.*

Before Justices TRENCHARD, MINTURN and KALISCH.

For the prosecutor, *Willard W. Cutler.*

For the defendants, *Elmer W. Romine* and *Elmer King.*

The opinion of the court was delivered by

KALISCH, J.   The prosecutrix in *certiorari* was convicted by a police justice of the town of Boonton upon a complaint charging her with a violation of section 1 of an ordinance of said town entitled "An ordinance to prevent vice and immorality and to preserve public peace and good order, and for other purposes."

This section provides, among other things, "that any person or persons who shall in any street, railroad depot, public place or elsewhere, within the town of Boonton, * * * or make use of obscene language or profanity shall be subject to a fine."

The complaint, in substance, charges that the prosecutrix did violate section 1 of the said ordinance by making use of obscene language and profanity at the side of her front porch in her yard, on Old Boonton road, in the town of Boonton, by calling the complainant: (Here follows the obscene and profane language alleged to have been used by the prosecutrix.)

It will be perceived that this complaint does not charge that the obscene language or profanity was used in a public place. It fails to charge that the language denounced by the ordinance was used in any of the places specified by the ordinance. The obvious aim of the ordinance is to prevent the use of profane or obscene language on the public streets or in the public places of the town.

A reasonable interpretation to be given to the word "elsewhere" in the ordinance, under the maxim *noscitur a sociis,* would be that it included any other public place of like character as those specified in the ordinance and which preceded it.   *Livermore* v. *Board of Freeholders of Camden, 2 Vroom* 507; *State* v. *Herring,* 41 *Id.* 34.

In *Anderson* v. *Camden*, 23 *Vroom* 289, this court, in construing an ordinance similar in its import as the one *sub judice* and where the words "or elsewhere" followed a designation of places where the prohibited conduct may occur, said: "It is true that the word 'elsewhere' follows, and is coupled with the words 'streets and highways' in designating the place where the prohibited conduct may occur. But all these words must be construed together, and the word 'elsewhere,' following the words 'streets and highways,' must be regarded as signifying places *ejusdem generis,* namely, parks, squares and places frequented by the public."

It was necessary to the validity of the complaint that it should show upon its face that the place where the profane and obscene language was used was a public place. For it is the public character of the place where the obscene or profane language is used which makes the use of such language an offence within the meaning of the ordinance. The complaint fails in this regard. It is therefore fatally defective. The record of conviction is also fatally defective. The police justice found the prosecutrix guilty of using profane and obscene language in violation of section 1 of the ordinance of the town of Boonton. It does not set out the obscene or profane words for the use of which the prosecutrix was found guilty, nor the time or place, when and where the same were used. The failure to do this is fatal to the validity of the conviction. *Handlin* ads. *State,* 1 *Harr.* 96; *Keeler* v. *Milledge,* 4 *Zab.* 142; *Buck* v. *Danzenbecker,* 8 *Vroom* 359; *Hoeberg* v. *Newton,* 20 *Id.* 617; *Salter* v. *Bayonne,* 30 *Id.* 128; *Atlantic City* v. *Turner,* 38 *Id.* 520; *State* v. *Regan, Id.* 106; *Orange* v. *McGonnell,* 42 *Id.* 418.

The proceedings under review must be set aside, with costs.