THE STATE OF NEW JERSEY, RESPONDENT, v. THOMAS J. COLGAN, PROSECUTOR.

Submitted December 5, 1918—Decided February 18, 1919.

1. A complaint under the Disorderly Persons act (*Comp. Stat., p.* 1926) should be verified by oath or affirmation; and when it is shown that a complaint purporting to be sworn, was not in fact sworn before the officer whose name was subscribed to the jurat, it will not support the proceeding.

2. Under section 3 of the Disorderly Persons act (*Comp. Stat., p.* 1926), relating to the utterance of loud and offensive or indecent language in public places, proof that such language was uttered in an ordinary saloon, without more, is insufficient to support a conviction.

On *certiorari.*

Before Justices PARKER and MINTURN.

For the prosecutor, *Herbert Clark Gilson.*

For the respondent, *Charles M. Egan.*

The opinion of the court was delivered by

PARKER, J. Prosecutor was convicted of being a disorderly person within the intent and meaning of sections 1 and 3 of the Disorderly Persons act of 1898. *Comp. Stat., p.* 1926. Section 1 need not be quoted here; it suffices to say that there was nothing either alleged in the complaint or appearing on

the evidence at the trial to bring prosecutor within that section.

Section 3 is, that relating to loitering or assembling in public places and there using indecent or offensive language. As formerly in force, it is quoted in *Cowell* v. *State,* 63 *N. J. L.* 523. The section was amended in 1912. *Pamph. L., p.* 161.

We conclude, on examination of the case and briefs, that the conviction must be set aside on two grounds—

*First.* It satisfactorily appears that the name of the clerk of the trial court, subscribed to the jurat to the complaint, was not signed by him, but by his assistant in his absence, and that the clerk himself was not present when the complaint was signed, and did not take the affidavit. Consequently, so far as appears, the proceeding was without legal foundation. When a complaint is made it should be on oath or affirmation. *Preusser* v. *Cass,* 54 *N. J. L.* 532.

*Second.* The complaint as drawn charged the uttering of loud and offensive and indecent language at two specified street corners. It was "amended" at the trial so as to allege, and evidence taken to prove, that the language charged was uttered not on street corners but in two saloons.

It is plain that a saloon is not a street or a street corner. Prosecutor claims that it is not a public place within the intendment of the statute, and we think the point well taken. It was so held by Judge (afterwards justice) Fort, in *State* v. *Lynch,* 23 *N. J. L. J.* 45, and his reading of the act is supported by the later amendment of 1912 (*supra*), which adds railroad trains, trolley cars and other public conveyances to the places where the utterance of such language subjects the offender to the penalties of the act. The amendment dealt also with the loitering feature discussed in *Cowell* v. *State, supra,* but that is not material in this case. What is material is that a saloon is not a public place within the meaning of the statute, and hence the utterance of loud or offensive language therein will not bring the speaker within the denunciation of the act.

Whether the act would apply if the language, uttered indoors and not in a public place, were so loud as to be heard on the street, is a question that we need not deal with, as the case does not present it.