STATE OF NEW JERSEY, BY CARLTON M. DI CARLO, COMPLAINANT-RESPONDENT, v. ELIZABETH BRUNS, DEFENDANT-PROSECUTRIX.

Submitted May 7, 1946—Decided August 19, 1946.

Before Justices BODINE, PERSKIE and WACHENFELD.

For the prosecutrix, *George F. Losche.*

For the respondent, *Francis G. Schmid, Jr.*

The opinion of the court was delivered by

PERSKIE, J. The writ of *certiorari* calls upon us to review prosecutrix's conviction by the Recorder of the Borough of

Westwood for the violation of an ordinance of the Borough providing, *inter alia*, (4) "No person shall utter any loud, profane, indecent, lewd, abusive or offensive language *in any public place*," (italics supplied); and (5) "No person shall utter any threatening, offensive, profane, indecent or obscene language, or commit any act which tends to endanger the public peace."

We pass over the many attacks made upon the complaint and conviction and proceed to what in our opinion is the one insuperable infirmity in the conviction. The only proofs that need be recounted in support of that infirmity are that prosecutrix entered a photography store owned by one Carlton M. Di Carlo. No one other than the clerk was on hand; the owner was in the "dark room" in the rear of the premises. Prosecutrix is alleged to have "hollered" in a loud voice, "Where is your God damn boss?" and then to have "slammed" the door and left the store.

As indicated, prosecutrix was charged with and found guilty of violating the provisions of the ordinance hereinabove set forth. She was fined $25; the payment thereof was suspended. She sought and obtained a writ of *certiorari* to review her conviction.

Conceding that the language used by the prosecutrix was prohibited by section four of the ordinance, nonetheless we think that the conviction is fatally defective. For it will be observed that this (fourth) section prohibits the uttering of the language therein set down "in any public place." The store involved is not a public place within the meaning of that phrase. *State* v. *Lynch,* 23 *N. J. L. J.* 45; *State* v. *Colgan,* 92 *N. J. L.* 307; 108 *Atl. Rep.* 108; 48 *A. L. R.* 98, 99; *Cf. Peer* v. *Dixon,* 82 *N. J. L.* 366; 83 *Atl. Rep.* 180. And the fifth section of the ordinance prohibits the use of such language only when, as we construe it, the use of the language tends to endanger the public peace. There is no proof whatever that such was the effect of the language uttered by the prosecutrix.

This view of the case renders unnecessary any discussion of the many other points raised and argued.

The judgment of conviction is reversed, without costs.