JOHN H. McCOOEY, PROSECUTOR, v. G. MARVIN MEGILL, RECORDER OF THE BOROUGH OF SPRING LAKE, NEW JERSEY, DEFENDANT.

Submitted October 1, 1946—Decided February 11, 1947.

Before Justices PARKER, DONGES and EASTWOOD.

For the prosecutor, *Quinn, Doremus, McCue & Russell* and *Richard W. Stout* (*John J. Quinn*, of counsel).

For the defendant, *Gilbert H. Van Note.*

The opinion of the court was delivered by

EASTWOOD, J.  The prosecutor in *certiorari* seeks to have declared void and of no legal effect a complaint charging him with the violation of *R. S.* 2:208-8, commonly known as the Disorderly Persons Act, made against him by one Russell Hurden, chief of police of the Borough of Spring Lake, New Jersey, before the defendant, G. Marvin Megill, Recorder of the Borough of Spring Lake, New Jersey, on July 30th, 1946.

The complaint under attack is based upon the language of *R. S.* 2:202-8 which provides as follows:

"Any person who, being under the influence of intoxicating liquor, shall loiter in any public or *quasi*-public place, or in or upon any private property not his own within this state, or who, not being under the influence of intoxicating liquor, shall there indulge in and utter loud and offensive or indecent language, shall be adjudged a disorderly person."

We deem it of sufficient importance to reproduce here the exact language of the complaint. It states as follows:

"That on July 30th, 1946, John H. McCooey, being under the influence of intoxicating liquor, did loiter in the rooms and corridors of the Monmouth Hotel, Spring Lake, Monmouth County, New Jersey, a public place, and upon private property not his own, and did then and there indulge in and utter loud and offensive and indecent language; that the said John H. McCooey, by reason of the facts herein stated, was then and there a disorderly person within the meaning of *R. S.* 2:202–8."

Among other things the defendant contends that the instant writ is unusual and may be premature. With this contention we do not agree. In the case of *Mowery* v. *Camden,* 49 *N. J. L.* 106; 6 *Atl. Rep.* 438, this court held that the issuance of a writ of *certiorari* before decision was proper, "* * * when the design is to reverse proceedings of special tribunals in matters not legally brought within their jurisdiction, then the writ of *certiorari* may legally, and ordinarily should, be allowed when asked for, either before or after final decision, because each step in such proceedings is an unlawful vexation of the party prosecuted, against which this writ is his sole protection. The discretion of this court in the allowance and dismissal of the writ, and now also with regard to costs on final judgment, affords an adequate safeguard against any abuse." In our opinion the matter *sub judice* falls within that type of case that should be reviewed before final judgment so that the prosecutor herein should not be subjected to unlawful vexation and possible immediate and unlawful imprisonment, if convicted of the charges made against him.

We think it necessary to consider only one of the grounds advanced by the prosecutor for the dismissal of the com-

plaint, namely that the complaint is fatally defective and void because it is vague, uncertain and duplicitous. It will be observed that the statute applicable sets forth two mutually exclusive offenses: (1) Loitering while under the influence of intoxicating liquor in or upon any public or *quasi*-public place or private property not his own and (2) indulging in and uttering loud and offensive or indecent language in or upon such public or *quasi*-public place or private property not his own, not being under the influence of intoxicating liquor.

It is elementary that a complaint charging the offense or offenses under *R. S.* 2:202–8 must set forth such allegations as will embrace all of the essential elements to the commission of the prohibited offense. *Peer* v. *Dixon,* 82 *N. J. L.* 366; 83 *Atl. Rep.* 180. The complaint *sub judice* insufficiently charges the prosecutor with the offenses (1) of loitering in the rooms and corridors of the Monmouth Hotel, a public place, and (2) upon private property not his own and there indulging in and uttering loud and offensive and indecent language. It is fundamental that a person charged with a violation of the criminal laws of this state must be informed by the complaint of the specific particulars of the offense charged, with sufficient particularity and certainty as to the time, place, and nature of the alleged offense, to enable him properly to prepare his defense thereto, if such he has. *Mowery* v. *Camden, supra.* Our review of the complaint leads us to the conclusion that it utterly fails to meet this test. That portion of the complaint charging prosecutor with loitering and indulging in and uttering loud and offensive and indecent language upon private property not his own fails to state with sufficient particularity where such private property was located. It cannot be successfully contended that the "private property" mentioned in the complaint was intended to mean the Monmouth Hotel, inasmuch as the complaint had already characterized said hotel as "a public place." The charge of the use of "loud and offensive and indecent language" must also fail for the reason that it does not specify the particular language used. Nor does it appear in the complaint whether such language was used while the prose-

cutor was in or upon a public or private place not his own; neither does it state that the prosecutor at the time of uttering such language was not under the influence of intoxicating liquor, which latter allegation is an indispensable requisite of that portion of the quoted statute.

For the reasons set forth we conclude that the complaint under review is fatally defective. We have carefully considered the arguments and authorities cited in the brief of the defendant and find the same to be without merit.

The complaint and warrant under review are accordingly set aside and for nothing holden.