## WILKINSON. GADDIS & COMPANY v. BOROUGH OF NEPTUNE CITY.

Argued July 3, 1913—Decided November 10, 1913.

Section 28 of the general act relating to boroughs passed in 1897, which authorizes borough councils to license and regulate all vehicles used in any business or occupation for the purpose of soliciting orders, or delivering goods, within the limits of the borough, has been superseded by the first section of "An act respecting licenses in cities, townships, incorporated towns, incorporated boroughs" passed April 28th, 1905. The effect of this later enactment is to deprive borough councils of the power to impose license fees upon merchants whose places of business are located in other municipalities, but who deliver by wagon articles purchased at their respective places of business to customers residing within the limits of such boroughs.

On *certiorari.*

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and KALISCH.

For the prosecutor, *Coult & Smith.*

For the respondents, *James D. Carton.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The writ in this case removes a conviction of the prosecutor, Wilkinson, Gaddis & Company, before a justice of the peace of the borough of Neptune City, in an action instituted in that borough against the

prosecutor for the recovery of a fine for a violation of section 2 of subdivision 2 of a borough ordinance approved June 7th, 1905, which subdivision reads as follows: "For each and every express wagon, truck, or other vehicle, drawn by two horses, used or employed in the business of transferring or carrying baggage, articles of merchandise, or other articles or things, for hire, or for the soliciting or delivering of orders therefor, a license fee of $4; for each and every express wagon, truck or other vehicle, drawn by one horse, used or employed in said business, a license fee of $2; for each and every automobile, motor truck, motor car, or vehicle of like character, used or employed in such business, a license fee of $4."

The ground of the conviction was that the prosecutor had violated this provision of the ordinance by delivering groceries to one of its customers, a resident of Neptune City, in furtherance of a sale made by it in Asbury Park to this customer, the delivery being made within the limits of the borough of Neptune City, in a wagon not licensed under the ordinance.

The validity of this conviction depends upon the solution of the question whether or not the borough council, at the time of the passage of the ordinance, had power to pass such a municipal regulation. It is asserted on behalf of the borough that such power was conferred by section 28 of the general act relating to boroughs passed in 1897 (*Pamph. L.,* p. 284), which authorizes borough councils "to license or regulate all vehicles used in any business or occupation for the purpose of soliciting orders or delivering goods within the limits of the borough." But this section of the Borough act, we think, has been superseded by the first section of "An act respecting licenses in cities, townships, incorporated towns, incorporated boroughs," passed April 28th, 1905. *Pamph. L.,* p. 360. That act provides "That it shall be lawful for the common council, board of aldermen, township committee, or other governing body of any city, township, incorporated town, incorporated borough, to make and establish ordinances for the following purposes, namely, to license and regulate

cartmen, porters, hacks, cars, omnibuses, stages, and all other carriages and vehicles used for the transportation of passengers, baggage, merchandise, and goods and chattels of any kind, and the owners and drivers of vehicles and means of transportation  *  *  *  and to prohibit all persons and all vehicles unlicensed from acting, using or being used in said capacities, and for such uses and purposes." The second section of the act contains a repealer of all acts and parts of acts inconsistent therewith. As was said by this court in the case of *Cary* v. *North Plainfield*, 20 *Vroom* 110: "The inconvenience attendant upon the exercise by every municipality in the state of the power of excluding from its limits all unlicensed vehicles owned by merchants and engaged in transporting goods of said owners from their places of business to the residences of customers in other municipalities is manifest. Its legitimate operation would require the owners of such vehicles to obtain licenses, not only from the authorities of the place where their business had its headquarters, but also from every neighboring town, borough or other municipality in which their casual engagements might call them, or else to unload their vehicles at the border line." Assuming that the provisions of the Borough act which is appealed to on behalf of the defendants conferred such power, we think it plain that the purpose of the later enactment was to relieve merchants from the effect of a statutory provision so burdensome.

We are of opinion, therefore, that the ordinance which is at the foundation of this conviction, so far as it attempts to impose a license fee upon merchants whose places of business are located in other municipalities, and who deliver by wagon articles purchased at their place of business to customers residing within the limits of the borough of Neptune, is *ultra vires* and void.

The conviction under review will be set aside and vacated.