KATHRYN E. ECKEL, RESPONDENT, v. GEORGE H. BREHM. APPELLANT.

Submitted December 10, 1917—Decided March 4, 1918.

It was not error for the trial court to answer no to the following question on which the judgment is based: "Does a half brother of the intestate, not of the blood of the ancestor, from whom the estate came, take the estate, to the exclusion of an aunt of the intestate; being the sister of the ancestor from whom the estate descended"? following: *Delaplaine* v. *Jones*, 8 *N. J. L.*, 340; *Miller* v. *Speer*, 38 *N. J. Eq.*, 574.

On appeal from the Supreme Court.

For the appellant, *Queen & Stout.*

For the respondent, *Abner Kalisch.*

The opinion of the court was delivered by

BLACK, J. This is an action of ejectment brought to recover the possession of a house and lot known as number two hundred and eighty Fifth street, in Jersey City.

The case was tried by Judge William H. Speer at the Hudson Circuit without a jury, resulting in a judgment for the plaintiff.

The alleged error is, that the trial court refused to answer the following question in the affirmative, and gave judgment in favor of the plaintiff. This is the sole question involved in this case. The other grounds of appeal are without legal merit. The question is: "Does a half brother of the intestate, not of the blood of the ancestor, from whom the estate came, take the estate, to the exclusion of an aunt of the intestate; being the sister of the ancestor from whom the estate descended?"

The trial court answered this question in the negative and found the following facts on which its ruling was based:

The relationship of the parties involved in the litigation is as follows: One George H. Brehm married; the issue of that marriage was a George H. Brehm, Jr., the present defendant; upon the death of his wife the mother of George H. Brehm, Jr., he married Anna Eckel, the sister of Kathryn Eckel, the present plaintiff, by which marriage he had a daughter, Katie Brehm. Both Anna and George Brehm died, the property descending to Katie Brehm, the child of the second marriage. Shortly thereafter Katie Brehm died, and George H. Brehm, Jr., her half brother, the defendant in this case, entered into the possession of the property and was in possession at the time of the trial of the suit. Kathryn

Eckel is an aunt of the whole blood of Katie Brehm, deceased, being a sister of her mother, Anna Brehm, from whom the property came, while George H. Brehm, Jr., the defendant, is a half brother of the intestate, but not of the blood of Anna Brehm, from whom the estate descended.

We think the judgment of the trial court is right. The court followed the case of *Delaplaine* v. *Jones*, 8 *N. J. L.* 340, decided in 1826, the opinion of the court in which case was written by Chief Justice Ewing. In 1884, Mr. Justice Dixon, speaking for this court, said of that case: "This decision was rendered over half a century ago, and within a few years after the passage of the statute involved (*Pamph. L.* 1817, *p.* 8), and has remained as an undisputed rule of property ever since. It should not now be overturned. It applies directly to the case before us." *Miller* v. *Speer*, 38 *N. J. Eq.* 567, 574.

The case has now stood for ninety-two years, with the approval of this court for thirty-four years, as an undisputed rule of property; no one can tell the number of land titles that have been passed upon the faith of these decisions. It is of prime import that the legal rules of property should be stable and not lightly disturbed. Surely, the doctrine of *stare decisis* should be applied in its full rigor. This opinion may appropriately end, with the closing words of the opinion, in the case cited, *supra*.

In accordance with this ancient authority, and also with the statute, as we read it, the plaintiff is entitled to the land in controversy. The judgment of the Supreme Court is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 15.

*For reversal*—None.