THE STATE, DEFENDANT IN ERROR, v. ELWOOD JOHNSON, PLAINTIFF IN ERROR.

Submitted March 18, 1918—Decided June 17, 1918.

1. Under section 44 of the Criminal Procedure act (*Comp. Stat.*, 1834), the court cannot by amendment make the indictment charge a crime when none is presented, or make it charge a crime different from that presented by the grand jury.
2. The power of amendment of an indictment under section 44 of the Criminal Procedure act is applicable to that class of cases where, on the face of the indictment, a specific criminal charge can be perceived, which fails to be effective only by means of an error which, looking at the charge and averments of the indictment, the court can clearly infer was a clerical error.

3. An indictment based on section 166 of the Crimes act charged that defendant received $2,547.54 of the goods and chattels of one A. C., well knowing said moneys, goods and chattels to have been fraudulently converted, &c. *Held*, that an amendment by insertion of the word "moneys" immediately after statement of the amount, so as to read "$2,547.54 of the moneys, goods and chattels," &c., made no material change in the charge, as it was obvious that a charge of receiving of money fraudulently converted was originally intended, and appeared on the face of the indictment.

4. Section 166 of the Crimes act is violated by receiving and collecting checks on a lawyer's bank account of moneys belonging to his client, knowing the ownership of such moneys.

On error to the Supreme Court, whose opinion is reported in 90 *N. J. L.* 21.

For the plaintiff in error, *Halsted H. Wainwright.*

For the state, *Charles F. Sexton,* prosecutor of the pleas.

The opinion of the court was delivered by

PARKER, J. The writ of error in this cause was dismissed for failure to comply with the rules (103 *Atl. Rep.* 187) and later reinstated on application of plaintiff in error, to the end that any meritorious questions existing might be considered.

So far as relates to points treated in the opinion of the Supreme Court, we agree with the views expressed by that court and adopt them as our own.

But counsel for plaintiff in error urges that there were two points raised before the Supreme Court which it did not decide, and relies on them for a reversal here. The opinion below expressly states that the other errors assigned were not argued or briefed and that the court considered them as abandoned. Such is the well-settled rule. And that an appellate court will ordinarily not consider points not raised in the court below is as well settled, except in cases of public policy or lack of jurisdiction over the subject-matter. *Dodd* v. *Una,* 40 *N. J. Eq.* 672, 713; *State* v. *Shupe,* 88 *N. J. L.* 610; *McMichael* v. *Horay,* 90 *Id.* 142.

One of the points now raised does bear on the matter of jurisdiction, viz., the amendment of the indictment, which is based on section 166 of the Crimes act, quoted in the opinion below. It is claimed that as originally presented the indictment charged the receiving of goods and chattels, and not money; and that the trial court undertook by amendment to insert a charge of receiving money, thus giving the indictment an effect that it did not originally possess. If this point is well taken, there should be a reversal; because the well-recognized rule is that under section 44 of the Criminal Procedure act the court cannot by amendment make the indictment charge a crime when none is presented, or charge a crime different from that presented by the grand jury. *State v. Flynn,* 76 *N. J. L.* 473, 477, and cases cited; *State v. Unsworth,* 85 *Id.* 237, 240. And if it charged a crime different from that originally presented and could not be so amended, the trial court was without jurisdiction over this part of the subject-matter. We proceed, therefore, to examine the indictment and the amendment to ascertain whether the point made has actual merit.

The charge of the indictment is that the defendant on, &c., at, &c., within the jurisdiction of the court, $2,547.54 of the goods and chattels of one A. C. before then feloniously, unlawfully and fraudulently obtained, taken and converted by one Charles Harvey, unlawfully and feloniously did receive and have, well knowing said moneys, goods and chattels to have (been) feloniously, &c., taken and converted by said Charles Harvey, contrary to the form of the statute, &c.

The amendment consisted simply of inserting the word "moneys" between the statement of the amount and the words "of the goods and chattels," so that it should read at, &c., within the jurisdiction, &c., $2,547.54 of the *moneys,* goods and chattels of one A. C., &c., thus making it conform to the later language, "well knowing said moneys, goods and chattels" which appeared in the indictment as presented by the grand jury.

We think this case is within the rule laid down in the Supreme Court case of *State v. Kern,* 51 *N. J. L.* 259, 264,

that the power of amendment may be held to apply to that class of cases where, on the face of the indictment, a specific criminal charge can be perceived, which fails to be effective only by means of an error, which, looking at the charges and averments of the indictment, the court can clearly infer was a clerical error. The argument is that defendant was charged, not with receiving $2,547.54 of money, but with that amount of goods and chattels, and that it was without the power of the court to amend the indictment so as to charge him with receiving money. Conceding the lack of that power, we do not agree that the court attempted to exercise it. There is nothing in the section of the Crimes act which says anything about the value of the goods, chattels, chose in action or other valuable thing taken and converted; or which makes the value a test of the punishment; and in such cases allegations of value are unnecessary. 1 *Bish. New Crim. Proc.*, §§ 541, 567. The legitimate inference is, therefore, that the pleader meant receiving money in charging the receiving of a specific amount; and if there were any doubt on this point, it is cleared up by the actual employment of the word "money" in the allegation of *scienter*. For these reasons we conclude that the amendment made no substantial change in the crime intended to be charged, and hence was a proper amendment to make.

The other point is one which strictly need not be considered in view of the statement of the court below that it was not argued there. It is, that the proof failed to show the identity of the money stolen with that received by the defendant. We think the proof was adequate on that point. It indicated that Harvey had certain funds of A. C. in his custody, which he placed in a special bank account opened for the purpose and which account, and the checks drawn thereon, were earmarked so as to show the ownership by A. C. of the fund; that Johnson knew Harvey had received that money and what he had done with it; that Harvey owed Johnson money and could not pay, and that Harvey, on the suggestion and solicitation of Johnson, drew earmarked checks to Johnson against the fund which Johnson cashed,

or otherwise collected, he having promised Harvey that he would see that he was reimbursed so as to make the account good. It is indubitable that there was a fraudulent conversion by Harvey of the money represented by every check he drew to Johnson, and as Johnson received it knowing its ownership, by the one transaction there was a conversion by Harvey and a receiving by Johnson in the sense contemplated by the statute. If the money had been in cash in Harvey's safe, and he took it out of the safe and handed it to Johnson, saying, "This belongs to A. C. but I will pay it to you for my own debt," the infraction of the statute would have been no more clear.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, PARKER, BERGEN, KALISCH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 8.

*For reversal*—SWAYZE, TAYLOR, JJ. 2.