CASTLES ICE CREAM COMPANY OF PERTH AMBOY, PROSECUTOR, v. BOROUGH OF HIGHLANDS ET AL., RESPONDENTS.

Submitted January term, 1929—Decided April 19, 1929.

Before Justices BLACK, CAMPBELL and CASE.

For the prosecutor, *Thomas Brown.*

For the respondents, *Snyder & Roberts.*

PER CURIAM.

The *certiorari* in this case was allowed to review the conviction of the prosecutor, Castles Ice Cream Company, on October 4th, 1928, before the recorder of the borough of Highlands for violating paragraphs "D" and "E" of ordinance No. 91, and fined fifteen dollars ($15) and costs. The title of the ordinance is:. "An ordinance relating to licenses and regulating fees and penalties." The ordinance provides as follows:

"(D) Peddlers.

"Peddlers and vendors with one-horse vehicles shall pay an annual license fee of $10; with two-horse vehicle or automobile, an annual fee of $15 shall be paid. Less than one year, $5 per day. Peddlers and hawkers on foot shall pay for a period of less than one year, $5 per day or an annual fee of $10.

"(1) Deliveries in the borough, for each yearly license each one-ton truck or car or under, $5. Over one ton and three tons and under, $10, and over three ton $15.

Approved May 9th, 1921."

The judgment of the recorder was "that the defendant, Castles Ice Cream Company, is guilty of violating paragraph 'D' and paragraph 'E' of section two of ordinance No. 91 and fined $15 penalty and $10.90 costs of suit."

The General Borough act, Revision of 1897 (*Pamph. L.* 1897, *pp.* 285, 298,. § 28), provides as follows: "That no person or persons shall be required to take out a license in order to sell at wholesale nor to sell any product of his farm." This section was carried into the amendment of the revision. *Pamph. L.* 1914, *p.* 350, § 28. Then came the "Home Rule

act." *Pamph. L.* 1917, *p.* 358, *art.* 15. A somewhat similar section in the act of 1885 was considered by the Supreme Court in the case of *Cary* v. *The Mayor, &c., of North Plainfield,* 49 *N. J. L.* 110. So, the act (*Pamph. L.* 1905, *p.* 360) was considered by the Supreme Court in the case of *Wilkinsone, Gaddis & Co.* v. *The Borough of Neptune City,* 85 *N. J. L.* 21, in this case, it was held, that the borough councils were deprived of the power to impose license fees upon merchants whose places of business are located in other municipalities, but who deliver wagon articles purchased at their respective places of business to customers residing within the limits of such boroughs. So, the act *Pamph. L.* 1917, *p.* 358, that is, the "Home Rule act," was considered in the case of the *City of North Wildwood* v. *Coney,* 100 *Id.* 38. The testimony shows, in this case, that the prosecutor, Castles Ice Cream Company, furnished retail store owners with ice cream. That no deliveries were made to private dwellings. The deliveries were made to retail stores. The prosecutor had plants at Perth Amboy, Irvington, New Jersey, and Staten Island. It was in the business of manufacturing ice cream, and the ice cream is sold by the wholesale to retail dealers in the different municipalities of the state. The drivers load up their trucks at Perth Amboy or a point where the ice cream is manufactured to fill orders that have been previously given by the retail customers. There is no peddling of ice cream indiscriminately to individuals. The ice cream is delivered upon orders received by the plant or to the driver of the truck, and sometimes the customer leaves the order to the judgment of the driver because of his knowledge of weather conditions. In no case are deliveries made other than to stores or customers, who buy at wholesale from the prosecutor selling the ice cream product in the retail trade. There was no peddling of ice cream by the prosecutor. We think that under this ordinance the prosecutor was not guilty of peddling or delivering without a license, under the ordinance. The result is that the conviction is set aside, with costs.