NORMAN COHN, PROSECUTOR, v. CITY OF UNION CITY AND GEORGE COX, POLICE COMMISSIONER, AND MORRIS UMANSKY, RECORDER OF THE RECORDER'S COURT OF THE CITY OF UNION CITY, RESPONDENTS.

Argued March 9, 1929—Decided June 19, 1929.

Before Justice KALISCH, by virtue of the statute.

For the prosecutor, *Stuhr & Vogt.*

For the respondents, *Andrew O. Wittreich.*

The opinion of the court was delivered by

KALISCH, J. The prosecutor was tried and convicted in the recorder's court of the city of Union City, in the county of Hudson, for violating an ordinance entitled "An ordinance to regulate the sale of merchandise at public auction, in the city of Union City, in the county of Hudson," and was fined for the commission of such alleged violation, $100, which fine, the record discloses, the prosecutor paid under protest.

Section 1 of the ordinance provides: "No person or persons, firm, partnership, corporation or corporations shall sell, dispose of or offer for sale at public auction, between the hours of six o'clock in the evening and eight o'clock the fol-

lowing morning, gold, silver or plated ware, precious and semi-precious stones, watches, clocks, jewelry of any nature whatsoever, or any goods, wares and merchandise."

Section 2 provides that for the violation of any of the provisions of the ordinance, shall forfeit and pay a penalty not to exceed the sum of $100 for each offense, &c.

Section 3 provides for a repeal of conflicting ordinances, and section 4, the time when the ordinance shall become effective.

The complaint charges "that on the 14th day of November, A. D. one thousand nine hundred and twenty-eight, at six-thirty o'clock P. M. or thereabouts, at 939 Bergenline avenue, in the city of Union City, New Jersey, did violate the provisions of an ordinance entitled "An ordinance to regulate the sale of merchandise at public auction," passed at a meeting of the city council on the 13th day of November, A. D. 1928."

The summons issued on the complaint calls upon the prosecutor to answer, touching a certain offense, "alleged to have been committed by you" * * * violation city ordinance, on complaint of Commissioner Cox, and thereof fail not under penalty of $100.

The record of conviction returned by the writ of *certiorari* is as follows:

"RECORDER'S RECORD"

"Recorder's court, city of Union City
Case No. 2323

Arrested

Name of person, Norman Cohn

Summons

Residence, 939 Bergenline avenue, city

Age 35—Nationality, U. S.

Occupation, jeweler

Complaint, city violation

Complaint, Det. G. Meisse

Address, city

Arrested by Officer Meisse—summons

Disposition, guilty—$100 fine.

Appeal taken and fine paid under protest."

The prosecutor seeks to set aside the conviction on various grounds. The first ground relied on to that end, in the brief of counsel of prosecutor, is that the complaint is fatally defective, in that it fails to state what act or acts the prosecutor committed in violation of the city ordinance.

I think this point is well taken. The ordinance specifies the various acts, which, if committed between certain hours, as declared in the ordinance shall constitute violations thereof. It is therefore obvious that the mere statement in the complaint that the accused violated the ordinance without further stating in what respect he did so, whether by offering to sell, or by selling gold, diamonds, jewelry, &c., at auction, or by offering to sell or selling at auction any other kind of merchandise between the hours mentioned in' the ordinance, during which hours such sales at auction are interdicted, fails to state with legal certainty the offense which the prosecutor is called upon to answer.

It is further contended, on behalf of the prosecutor, that the summons issued on the complaint of the prosecutor is invalid and of no legal effect, because it does not state therein, as required by the statute, the ordinance which has been violated by the defendant, and such omission is fatal and renders the entire proceedings against him void.

Thus, the summons commands the prosecutor "to personally appear before the subscriber, recorder of the city of Union City, &c., on the 14th day of November, 1928, at nine o'clock in the forenoon touching a certain alleged offense alleged to have been committed by him. Violation city ordinance on complaint of Com. Cox, and thereof fail not under penalty of $100." The contention made is well founded.

Lastly, a perusal of the record of conviction, *supra*, discloses that it is fatally defective under settled decisions of the courts of this state. *Owens* v. *City of Camden,* and cases there cited, 141 *Atl. Rep.* 24; *Knight* v. *Kinkead et al.,* 104 *N. J. L.* 457.

The conviction is set aside, with costs.