JOSEPH H. LYNCH, TRADING, ETC., PROSECUTOR, v. CITY OF LONG BRANCH, NEW JERSEY, ET AL., RESPONDENTS.

Submitted October 14, 1932—Decided July 20, 1933.

Before Justices PARKER, LLOYD and HEHER.

For the prosecutor, *Wolber, Gillhooley & Yauch.*

For the respondent city of Long Branch, *Jacob Steinbach, Jr.*

The opinion of the court was delivered by

HEHER, J.   This *certiorari* brings up the conviction of prosecutor on a complaint charging that on February 6th, 1932, in the city of Long Branch, he "did, by his servant or agent, operate a laundry delivery wagon without having previously obtained a mercantile license," in violation of the third section of an ordinance entitled "An ordinance governing, regulating and fixing fees of mercantile licenses in the city of Long Branch, New Jersey, and regulating business licensed," adopted January 11th, 1927.

Section 1 of the ordinance provides that it shall not be lawful, within the municipality, without a license for the purpose, "to engage in or carry on any business, trade or calling in using any wagon, vehicle, stand, store or other place, or sell or offer for sale any goods, wares or merchandise." Section 3 designates the "businesses, trades, or occupations required to be licensed," and prescribes the license fees. The business which respondent claims the prosecutor pursued, in violation of the terms of the ordinance, is specified in this section as "laundry delivery wagons (one horse or auto)".

The prosecutor conducts a general laundry business, with a plant in the city of Asbury Park. This plant serves the territory adjacent to that municipality, including the city of Long Branch. It is admitted that it is the prosecutor's practice to solicit the patronage of residents of the latter municipality, and that it furnishes to its patrons there a vehicular collection and delivery service. Respondent concedes that the power to license and regulate, sought to be exercised by the ordinance, is not inherent in municipal corporations, but it insists that it is conferred by article fifteen of the Home Rule act of 1917 (*Pamph. L.* 1917, *p.* 358) as amended by chapter 215 of the laws of 1929. *Pamph. L.* 1929, *p.* 406. This proposition is challenged by the prosecutor. He denies that the statute confers the asserted power to compel one "whose business is established elsewhere" to conform to the requirements of the ordinance.

The complaint is manifestly deficient. It charged merely that prosecutor operated a laundry delivery wagon without having previously obtained a mercantile license. The operation of a laundry delivery wagon upon the highways of a municipality, without more, would not constitute a violation of the ordinance, nor would the requirement of a license for that purpose be a valid exercise of power. The statute vests no such authority in the municipality. The ordinance requires the licensing of the designated businesses, trades or occupations conducted or pursued in the municipal-

ity, and the complaint did not bring the prosecutor within its provisions, in that it contained no allegation that he, in the use of the delivery wagon in question, was conducting in the municipality any of the specified businesses without the prescribed license. But this point is not made, and inasmuch as the parties treated the complaint as sufficient below, and now seek a determination of the meritorious question, we shall proceed to examine it.

The substantial question raised is one of statutory construction. Respondent relies upon section 1 (d) of the act of 1929. It is argued that the use of the clause "and all other kinds of business conducted in such city other than those herein mentioned," evinces a legislative purpose to confer specific authority for the licensing and regulation of prosecutor's business; that this section contemplates the licensing of (a) the business itself, and (b) the place where it is conducted, and that prosecutor was conducting business in the municipality within the intendment of the statute.

Under section 2 of article 15 of the act (*Pamph. L.* 1917, *p.* 359) express power to tax for revenue is given to the municipalities. The legislature has delegated to the municipalities not only the power to regulate, but also the power to tax for revenue. Both powers may be unitedly exercised. *Becker* v. *Pickersgill,* 105 *N. J. L.* 51, 55. The ordinance in the instant case imposes a tax for revenue, and it has been held in this court, in construing a similar statute, that the *situs* of the business is the proper place for levying such tax. *Cary* v. *North Plainfield,* 49 *N. J. L.* 110. In that case Mr. Justice Dixon said: "The inconvenience attendant upon the exercise, by every municipality in the state, of the power of excluding from its limits all unlicensed vehicles engaged in transporting goods or passengers for hire is manifest. Its legitimate operation would require the owners of such vehicles to obtain licenses not only from the authorities of the place where their business had its headquarters, but also from every neighboring town into which their casual engagements might call them, or else to unload their vehicles at the border line. A general law having effects

so burdensome or so absurd is not to be anticipated, and only unequivocal language could convince a court that such legislation was intended. * * * It is the business, and not the mere incidents of the business, which constitutes the subject of taxation. Hence the *situs* of the business is the proper place for levying the tax. * * * When a power to tax for revenue is claimed, something more than mere temporary presence in the borough must be shown. It must appear that the business to be taxed is carried on in the municipality, and occasional passage or transportation into, through or out of the borough, incidental to the pursuit of a business elsewhere established, cannot fairly be regarded as localizing the business there, so as to bring it within the taxing power granted by the statute now in question." In *North Wildwood* v. *Coney,* 100 *N. J. L.* 38, Mr. Justice Parker so construed section 1 (b) of article 15 of the Home Rule act of 1917 which, with minor alterations, was made section 1 (b) of the act of 1929.

But respondent insists that the legislature, in subdivision (d) of section 1, article 15, clearly drew a distinction between the business itself and the place where it was conducted, and vested in municipalities the power to tax either, which necessarily included the power to tax a business having a *situs* elsewhere.

It is an established rule in the exposition of statutes that the intention of the legislature is to be derived from a view of the whole and of every part of the statute, taken and compared together. The real intention, when ascertained, will prevail over the literal sense of terms. When words are not explicit the intention is to be collected from the context and the occasion and the necessity of the law and from the mischief felt, and the remedy in view; and the intention is to be taken or presumed according to what is consonant to reason and good discretion. *In re Merrill,* 88 *N. J. Eq.* 261, 273.

The meaning of general words must be restricted whenever it is found necessary to carry out the legislative intention. The reason and spirit of the statute controls in its interpretation. It is not to be presumed that the legislature

intended to permit the imposition of a tax for revenue by every municipality into which the business extends. This is a parochial policy that will not be implied; it must be expressed in clear and unmistakable language. Its tendency is to limit and restrict commercial intercourse, and to make barriers to trade and commerce of the lines separating the political subdivisions of the state, and that purpose will not be attributed to the lawmaking power in the absence of unequivocal language evincing such an intention.

In *Morristown Auto Bus Company* v. *Madison,* 85 *N. J. L.* 59, 62, Mr. Justice Swayze, in construing a like statute (*Pamph. L.* 1912, *p.* 209) applied the apposite rule of construction. He said: "Most of the businesses referred to are necessarily local in character; where they are not, the maxim *noscitur a sociis* is applicable. Other indications in the same direction are not lacking. The municipality is authorized to license the place or premises in which or at which the different kinds of businesses are carried on. To come within the act the business must be carried on at a place. This place must necessarily, in the absence of any provision as to a possible conflict of jurisdiction, be either the municipality itself or a place within its bounds. It would be absurd to permit every municipality of the classes named in the act which include most of the municipalities of the state, to undertake to regulate a business carried on in another municipality. * * * It is inconceivable that the legislature if it had meant to grant such a power would have failed to mark out the bounds within which each municipality must keep. And since the license fee must be reasonable, and it would be necessary in order to determine its reasonableness, to consider the magnitude of the business done (in the municipality imposing the tax), it is equally inconceivable that the legislature would provide no machinery by which this could be ascertained. The act, as well by what it says as by what it fails to say, indicates that it was meant to apply only to a local and not an inter-borough business."

Moreover, this court, in the cited cases, construed statutes having like provisions long before the enactment of the stat-

ute of 1929. *Carey* v. *North Plainfield, supra; North Wild-wood* v. *Coney, supra; Morristown Auto Bus. Company* v. *Madison, supra.* For obvious and compelling reasons the principle of statutory interpretation there applied governs here. It is a well established rule of construction, based upon a sound policy, that where the words used in a statute have received a judicial construction, the legislature will be deemed to have used them in the sense that had been thus ascribed to them. *Commercial Trust Co.* v. *Hudson County Tax Board,* 87 *N. J. L.* 179, 183; 25 *R. C. L.* 992. It is to be presumed that the legislature is conversant with this rule of statutory construction, and that the act of 1929 was phrased in the light of the settled judicial construction that the prior similar enactments had received. The legislature thereby adopted the construction given to those statutes.

The conviction will be set aside, with costs.