FRANK HAVILAND, PROSECUTOR, v. LESTER G. EGAN, RECORDER, ETC., DEFENDANT.

Decided September 20, 1933.

Before Justice PERSKIE, at chambers, pursuant to statute.

For the prosecutor, *Matlack & Lautman.*

For the defendant, *Frederick S. Wack.*

PERSKIE, J.    This matter comes before me on the return of a writ of *certiorari* to review a conviction of the prosecutor by the recorder of the borough of Point Pleasant, New Jersey. The conviction was based on a complaint of License Inspector Charles P. More, of said borough, and was in the form following:

"That on the 22d day of May, 1933, at the Borough of Point Pleasant Beach, the county and state aforesaid, one Frank Haviland, of 1807         South Belmar, New Jersey, did on the 22d day of May, solicit and canvas for the laundry business, all of which is in violation of *Borough Ordinance 85-A—Section 1,* of the Borough of Point Pleasant Beach, New Jersey, wherefore he prays that the said Frank Haviland may be apprehended and held to answer the said complaint and dealt with as law and justice may require."

The record submitted does not contain the ordinance in question.    Defendants, however, admit that section 1 of the ordinance involved is correctly quoted in brief submitted for the prosecutor.    The pertinent portions of said section are as follows:

"It shall be unlawful for any person or persons * * * to conduct a business of or act as * * * *'Traveling Laundry'* without having first obtained a license from the license inspector of the Borough of Point Pleasant Beach to do so."

The testimony before the recorder was taken stenographically and is returned with the writ.    The facts appear to be that Frank Haviland was employed by Morey LaRue Laundry Company, whose plant and home office is at Elizabeth, New Jersey.    Prosecutor collected laundry in the borough of customers of Morey LaRue Laundry Company, transported it to Elizabeth, where it was washed and prepared and thereafter delivered to its customers in the borough.    The Morey

LaRue Laundry Company maintains no plant or office in the borough.

The prosecutor has filed ten reasons why the conviction should be set aside. They are grouped in three classifications. First, the complaint does not properly charge prosecutor with the violation of an ordinance, because the title of the ordinance was not set forth in the complaint. Second, there was no evidence to support the conviction. Thirdly, that the borough of Point Pleasant Beach is without power to require license from person or persons or corporations whose place of business is established outside the municipality. I think that these objections are well taken.

The complaint charges the prosecutor with *soliciting and canvassing for the laundry business,* whereas the ordinance is directed against *"conducting a business of or acting as a traveling laundry."* The difference, if any, between soliciting and canvassing for laundry and conducting a traveling laundry is not disclosed by the record. Counsel for the borough, however, in his memorandum concedes that the complaint is defective in this respect. Properly so. All acts necessary to constitute a violation under the ordinance should be so stated. *Apter* v. *City of Newark,* 6 *N. J. Mis. R.* 554; 142 *Atl. Rep.* 310. The complaint should state with legal certainty the offense alleged and must state the particular ordinance which has been violated by the defendant. *Cohn* v. *Union City,* 105 *N. J. L.* 515; 146 *Atl. Rep.* 652. Nothing is presumed or intended in favor of a validity of a complaint or of a conviction had thereon, the ordinance being penal and the proceeding summary. *Owens* v. *City of Camden,* 6 *N. J. Mis. R.* 279; 141 *Atl. Rep.* 24.

Assuming without deciding that soliciting and canvassing for the laundry business and conducting a business of or acting as a traveling laundry is one and the same thing, it is contended that this and all other defects were waived by the appearance and trial without objection by the prosecutor. This is not so. True it is that when one entered a general appearance and proceeds with trial without objection to the complaint he waives all technical objections which he might have otherwise raised. He does not, however, waive an ob-

jection, if it be a valid one, that the complaint sets forth
no offense. See *State* v. *Johnson,* 91 *N. J. L.* 611; 104 *Atl.
Rep.* 593; *State* v. *Lamb,* 81 *N. J. L.* 234; 80 *Atl. Rep.* 111.

Prosecutor also contends that the proof taken at the hear-
ing did not reveal a violation of the ordinances. The only
testimony submitted by the borough was that Haviland was
seen "delivering and soliciting laundry," and that "he re-
ceived and delivered laundry," in the borough, with the ex-
planation that by "soliciting" the witness meant delivery.
At this stage of the hearing, counsel for Haviland moved for
a dismissal, which was denied. This I think was error. The
proof recited does not justify a conviction under the ordi-
nance before the court for the same reason that the com-
plaint does not charge an offense. Receiving and delivering
laundry is not a violation of the ordinance.

The final point, the gravamen of the objections, made by
the prosecutor is that the borough did not have the power to
pass an ordinance compelling a person resident in another
municipality and without a place of business in the borough
to obtain a license in order to do business in the borough.
This question has been before the court on numerous oc-
casions, the last of which was in *Lynch* v. *City of Long Branch,*
111 *N. J. L.* 148; 167 *Atl. Rep.* 664. The ordinance in the
latter case made it unlawful for anyone to engage in or carry
on any business, trade or calling within the municipality with-
out first obtaining a license. The accused conducted a laundry
business in Asbury Park but also served in the city of Long
Branch. After conviction he obtained a writ of *certiorari*
and the conviction was set aside. Mr. Justice Heher, in a
well considered opinion, held that the *situs* of the business
is the proper place for the levying of the tax, citing *Cary* v.
*North Plainfield,* 49 *N. J. L.* 110, and numerous other cases.
The principle may also be found in *Wilkinson-Gaddis Co.*
v. *The Borough of Neptune City,* 85 *Id.* 21; 88 *Atl. Rep.* 819
(ordinance requiring license fee for every wagon, truck, &c.,
used in the municipality, held invalid); and *Kip* v. *City of
Paterson,* 26 *N. J. L.* 298 (ordinance requiring all persons
selling and delivering hay and produce in city limits, held
unreasonable and illegal). See, also, *Castles Ice Cream Com-*

*pany of Perth Amboy* v. *Borough of Highlands,* 7 *N. J. Mis. R.* 415; 146 *Atl. Rep.* 37. As prosecutor did not have or maintain a place of business in the borough he was not obliged to obtain a license. *Lynch* v. *City of Long Branch, supra.* The conviction must be set aside, with costs.