HONORE BACHAND, PROSECUTOR, v. ANTHONY J. BOTTI, JUDGE OF THE FIRST CRIMINAL COURT OF THE CITY OF JERSEY CITY, WILLIAM J. TIMNEY, CLERK OF THE SAID COURT, AND THE CITY OF JERSEY CITY, DEFENDANTS.

Submitted May 7, 1940—Decided June 17, 1940.

Before Justices Case, Donges and Heher.

For the prosecutor, *Henry Pass* (*William Boorstein,* of counsel).

For the defendants, *James A. Hamill* (*Samuel Pesin,* of counsel).

The opinion of the court was delivered by

Heher, J.   Upon a complaint charging that on May 25th, 1939, "at Jersey City," he "did erect on premises owned by"

him "at 68 Van Reipen Avenue a sign indicating a business, contrary to and in violation of section 3, paragraph 1, subsections 1 and 2" of the local zoning ordinance, prosecutor was convicted of a violation of "the provisions" of the ordinance "in this, that" he, on the day named, "did erect on premises owned by him at No. 68 Van Reipen Avenue, a sign indicating a business, and did conduct a business and commercial enterprise at the said premises at No. 68 Van Reipen Avenue, a second residential zone and district as set forth by" the zoning ordinance, "contrary to and in violation of the provisions of section 3, paragraph 1, subsections 1 and 2" thereof; and the judgment is assailed (a) as based upon a complaint that does not charge a violation of the zoning ordinance, and (b) as adjudging prosecutor guilty of an offense not charged in the complaint. Since these points are dispositive, there is no occasion to consider other questions raised.

Section III of the ordinance regulates the use of the "Second Residential Zone or District" therein delimited. Paragraph 1 thereof provides that, in such zone, "no lot of land shall hereafter be used and no building or structure shall hereafter be erected, altered or used for any of the following purposes," among others not here pertinent: "1. Business of any kind. 2. Commercial enterprises."

But the complaint does not allege that the *locus* was situate within such "Second Residential Zone or District," and that in itself would seem to be a fatal deficiency. *Apler* v. *City of Newark*, 6 *N. J. Mis. R.* 554. Moreover, neither that section, nor any other provision of the ordinance to which our attention has been directed, reprobates as a penal offense the erection on premises within such zone of "a sign indicating a business." Nor could the accused be lawfully convicted of conducting "a business and commercial enterprise" upon his premises, since this offense was not charged in the complaint.

Seeming to concede these propositions, defendants maintain (a) that the parties "stipulated that the complaint be amended to charge that the defendant conducts a business and commercial enterprise at the premises in question, and that

said premises are in a residential zone," and (b) that there was no motion "to dismiss the complaint for any defect therein or for any failure to charge an offense against the defendant," and the question cannot be raised in this court for the first time—citing *Berry* v. *Recorder's Court of West Orange,* 124 *N. J. L.* 385.

There was no such stipulation. The amendment of the complaint related merely to the date of the alleged violation and the particular subsections of section III alleged to have been violated by the specified act. As pointed out in *Berry* v. *Recorder's Court of West Orange, supra,* an error of law exhibited on the face of the record may be availed of, even though not raised in the inferior tribunal nor made the subject of a ruling therein. See *Loper* v. *Somers,* 71 *N. J. L.* 657; *Defiance Fruit Co.* v. *Fox,* 76 *Id.* 482, 488; *Goekel* v. *Erie Railroad Co.,* 100 *Id.* 279. Here, the accused was convicted of an offense not charged in the complaint; and this is plainly a common error which may be assigned on the record.

The judgment is accordingly reversed.