39 N.J. Super. 480 (1956)
121 A.2d 411
THE TOWN OF BELLEVILLE, PLAINTIFF-RESPONDENT,
v.
GEORGE F. KIERNAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 27, 1956.
Decided March 16, 1956.
*482 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Robert C. Gruhin argued the cause for the defendant-appellant.
Mr. Lawrence E. Keenan argued the cause for the plaintiff-respondent.
The opinion of the court was delivered by FREUND, J.A.D.
The defendant, George F. Kiernan, appeals from a judgment of conviction by the Essex County Court after a trial de novo on appeal from his conviction in the Municipal Court of the Town of Belleville for violation of section 2 of the municipality's zoning ordinance in that he used his private residence for funeral business.
Two complaints, identical except for dates, charged that the defendant on February 9 and 10, 1955 violated the zoning ordinance "in that he used or permitted to be used premises commonly known as 272 Holmes Street, Belleville, New Jersey, located at the Northeast corner of Holmes Street and New Street as a funeral home, mortuary, undertaking establishment or as a place where a dead body was cared for and stored for the purposes of mourning and ceremonial services prior to burial." At the trial de novo before the County *483 Court the testimony was that the defendant is by occupation an undertaker and conducts a funeral establishment at No. 101 Union Avenue, Belleville, New Jersey. He was engaged and paid by Kathryn Lister, widow of Joseph Lister, to conduct the funeral and burial of her husband, who died on February 7. The decedent's body was first taken to the defendant's undertaking establishment on Union Avenue, and the following day was transferred to his residence at No. 272 Holmes Street, where the body was viewed and services conducted until February 10 when it was removed for burial.
The Holmes Street premises are owned by the defendant, George F. Kiernan, and Nellie F. Kiernan, and according to the zoning map received in evidence are located in a residential zone. The pertinent section of the ordinance provides that:
"Section 2. In a residence zone, no building or premises shall be used, and no building shall be erected or altered which is arranged, intended or designed to be used, except for one or more of the following uses:
1. Dwelling or Tenements, including the office of a physician, surgeon, dentist, lawyer, dressmaker, artist, or musician when situated in the same dwelling or apartment used by such physician, surgeon, dentist, lawyer, dressmaker, artist, or musician as his private dwelling."
There follows a list of other permissive uses of buildings, but an undertaking or funeral establishment is not among them.
On the first complaint the County Court suspended sentence, but on the second it imposed a fine of $35 and $5 costs. The defendant appeals and attacks the validity of the complaint and of the ordinance. We have concluded that the first point is well taken.
The complaint does not allege that the Holmes Street premises are in a residential zone. This omission is fatal. The complaint sub judice and its imperfections are identical with the situation in the case of Apter v. City of Newark, 6 N.J. Misc. 554 (Sup. Ct. 1928). The court said:
"The violation aimed at is the carrying on of a business in a residential district, and, this proceeding being summary and of a penal *484 nature, all the acts necessary to constitute a violation of the ordinance should be stated * * *. The character of the place is an essential fact to be alleged in the complaint, and to be set forth in the conviction; and this does not appear."
In accord, Bachand v. Botti, 125 N.J.L. 26, 27 (Sup. Ct. 1940).
At the trial before the County Court the defendant raised objection to the complaint. The transcript omits the colloquy relating thereto, but on the oral argument the plaintiff conceded that it had been made. However, the complaint was not amended either on motion of the plaintiff or of the court. The fact that the plaintiff introduced in evidence the zoning map showing the premises to be in the residential area did not cure the defect in the complaint.
The plaintiff argues that by the appeal and trial de novo before the County Court the deficiency was waived by the defendant, relying on R.R. 3:10-10(b), which reads as follows:
"(b) The appeal shall operate as a waiver of all defects in the record, including any defect in, or the absence of any process or charge laid in the complaint, and as a consent that the court may, during or before the hearing of the appeal, amend the complaint by making the charge more specific, definite or certain, or in any other manner, including the substitution of any charge growing out of the act or acts complained of or the surrounding circumstances, of which the tribunal from whose judgment or sentence the appeal is taken had jurisdiction."
The trial de novo in the County Court nullified the judgment of the municipal court, and the judgment now under review is that of the County Court. But in every court proceedings must be founded on a valid complaint. As we construe the rule, R.R. 3:10-10(b), the mere taking of the appeal by the defendant from the conviction in the municipal court did not have the effect of curing the deficiency in the complaint. Reading the rule in its entirety, we construe that the effect of the appeal was to confer consent to amendment by the County Court, thereby curing the deficiency. In the absence of amendment, the complaint remained defective. *485 Hence, the defendant was convicted of an offense not charged in the complaint, which plainly is error. Bachand v. Botti, supra; McCooey v. Megill, 135 N.J.L. 217 (Sup. Ct. 1947).
The defendant also argues that the ordinance is arbitrary and invalid because it prohibits the use of the premises as a funeral home or undertaking establishment, while permitting professional offices, dressmakers, hotels or other enumerated uses within the residential district.
Every intendment is indulged in favor of the validity of a zoning ordinance. It is well settled that a municipality may by ordinance reasonably limit and restrict the uses of land and regulate buildings and structures erected thereon, and what may be an appropriate use depends upon locale. Duffcon Concrete Products v. Borough of Cresskill, 1 N.J. 509 (1949); Fischer v. Township of Bedminster, 11 N.J. 194 (1952). That an ordinance which specifically or by operation excludes an undertaking establishment from residential districts is not void per se upon the ground of unreasonableness has been adjudicated. Babcock v. Laidlaw, 113 N.J. Eq. 318 (Ch. 1933); Frizen v. Poppy, 17 N.J. Super. 390 (Ch. Div. 1952), and cases therein cited; 1 Rathkopf, The Law of Zoning and Planning, § 15, p. 318 et seq.
Judgment reversed.