WILLIAM F. LATIMER, APPELLANT, v. C. FRANKLIN WILSON ET AL., RESPONDENTS.

Submitted May 28, 1926—Decided October 18, 1926.

1. An appellate court may, in its discretion, decide matters of jurisdiction and public policy without those questions having been raised below.
2. Subdivision 3 of section 14 (*Pamph. L.* 1924, *p.* 445), does not violate the state constitution by depriving a defendant of a right of trial by jury.
3. The offense provided under said act is not one which subjects the offender to indictment.
4. The right of trial by jury depends not upon the punishment under the statute, but upon the character of the statute to be enforced and the nature of the offense for which such punishment is provided.

On appeal from the New Jersey Supreme Court, the opinion of which is reported in 4 *N. J. Mis. R.* 265.

. For the appellant, *Wolber & Gilhooly*.

For the respondents, *David F. Barkman*.

The opinion of the court was delivered by

KAYS, J.   The appellant, William F. Latimer, was convicted of violating section 14, subdivision 3 of chapter 211 (*Pamph. L.* 1924), entitled "An act to amend an act entitled 'An act defining motor vehicles and providing for the registration of the same and the licensing of the drivers thereof; fixing rules regulating the use and speed of motor vehicles; fixing the amount of license and registration fees; prescribing and regulating process and the service thereof and proceedings for said violation,' approved April eighth, one thousand nine hundred and twenty-one, as amended by an act approved March nineteenth, one thousand nine hundred and twenty-three, and as further amended by an act approved March nineteenth, one thousand nine hundred and twenty-three."

A complaint was made under said section of said act on June 7th, 1925, and said William F. Latimer was arrested on the charge of operating a motor vehicle while under the influence of intoxicating liquor.   He was thereupon taken before a justice of the peace of Morris county, by virtue of a warrant issued by said justice.   He was tried on that charge and found guilty by the justice, and a sentence of thirty days in the Morris county jail was imposed upon him by said justice, together with payment of costs amounting to $7.   Latimer thereupon appealed to the Court of Common Pleas of Morris county for a trial *de novo*.   The judge of the Court of Common Pleas of Morris county found Latimer guilty and imposed a sentence of thirty days in the Morris county jail upon him, together with costs of the proceedings.

The appellant thereupon took out a writ of *certiorari* to the Supreme Court, claiming that the statute under which

the proceedings were had was unconstitutional. The Supreme Court refused to consider this question upon the ground that it was not raised in the Court of Common Pleas, holding that only points raised in the Court of Common Pleas could be considered in a court of review, following the doctrine laid down in *Ryer* v. *Turkel,* 75 *N. J. L.* 677, &c. The only contention before this court is that the said statute under which said proceedings were had is unconstitutional, and that the Supreme Court should have considered this question.

We are of the opinion that the consideration of the constitutional question was not precluded from the consideration of the Supreme Court, and is not precluded of necessity by this court. The rule as laid down by this court in the case of *Donohue* v. *Campbell,* 98 *N. J. L.* 755, is stated by Chancellor Walker (at *p.* 758), wherein he says: "This court in reviewing the judgment of the Supreme Court will not, as a general rule, consider any question not set·up or argued in the court below. See *Franklin* v. *Millville, ante p.* 262. But it is the constant practice of appellate courts to notice and decide questions of jurisdiction and public policy without those questions having been raised below. See *McMichael* v. *Horay,* 90 *N. J. L.* 142." And in the case of *Franklin* v. *Millville et al.,* reported in 98 *Id.* 262, this court said: "The settled rule is that this court need not, and except for special reasons will not, pass on questions not raised in the court below." This same rule is also laid down in *State* v. *Johnson,* 91 *Id.* 611; *New York Central Railroad Co.* v. *Petrozzo,* 92 *Id.* 425, 428; *Allen* v. *Paterson,* 99 *Id.* 489, and *Penrose* v. *Absecon Land Co.,* 94 *N. J. Eq.* 436, 439.

We are of the opinion that the constitutional question raised in this case is of sufficient importance to be considered by this court even though such question was not raised at the trial.

The only constitutional questions urged by the appellant before this court are as follows:

*First*—That the said act and section under which the appellant was convicted is invalid, because it deprives a

defendant of a right of trial by jury. Subdivision 3 of section 14 (*Pamph. L.* 1924, *p.* 445), is quite similar to the act concerning disorderly persons. *Pamph. L.* 1913, *p.* 103. The act concerning disorderly persons, however, relative to operating a motor vehicle under the influence of intoxicating liquors, provides that any person or persons who shall operate an automobile or motor vehicle, or any other vehicle over any public street or highway while under the influence of intoxicating liquors shall be adjudged to be a disorderly person, &c. Chapter 211 (*Pamph. L.* 1924), relative to motor vehicles, under section 14, subdivision 3, provides that no person shall operate a motor vehicle while under the influence of intoxicating liquor, &c., or permit any person who may be under the influence of intoxicating liquor, &c., to operate any motor vehicle owned by him or in his custody or control. Under both acts the punishment is the same, that is, not less than thirty days nor more than six months in the county jail. This court passed upon these provisions under the Disorderly act of 1913 in the case of *State* v. *Rogers,* 91 *N. J. L.* 212, &c. Mr. Justice Trenchard, in writing the opinion in that case, says (at *p.* 214) : "We think it quite clear that the thing prohibited in the supplement of 1913, namely, the driving of an automobile or other vehicle upon a public street while under the influence of intoxicating liquor, is not a public or common nuisance indictable at common law.

"The essential elements of the statutory offenses are— (1) driving an automobile or vehicle; (2) upon a public street, and (3) while under the influence of intoxicating liquors.

"The essential elements of a public or common nuisance are quite different. 'A public or common nuisance is any act or neglect the product of which works an annoyance or injury to the entire community; or the product itself is termed a nuisance.' 1 *Bish. Crim. L.,* § 1072. Inconvenience or annoyance to the public is an essential element without which there is no public or common nuisance. *State* v. *Godwinsville, &c., Co.,* 49 *N. J. L.* 266. And an indictment for a public nuisance must set out the manner in which this in-

convenience or annoyance arises. *Morris and Essex Railroad Co.* v. *State, 36 Id.* 553, 555.

"It will be seen, therefore, that the statutory offense of driving an automobile upon the public street while under the influence of intoxicating liquor differs from a public nuisance in this; the former offense is complete when the thing prohibited by the statute has been done, whether with or without inconvenience or annoyance to the public; whilst the latter offense is not committed unless and until there is an inconvenience or annoyance to the public.

"It will be noticed that it is not essential to the existence of the statutory offense that the driver of the automobile should be so intoxicated that he cannot safely drive a car. The expression 'under the influence of intoxicating liquor' covers not only all the well-known and easily-recognized conditions and degrees of intoxication, but any abnormal, mental or physical condition which is the result of indulging in any degree in intoxicating liquors and which tends to deprive him of that clearness of intellect and control of himself which he would otherwise possess. So, one driving an automobile upon a public street while under the influence of intoxicating liquor offends against the 'Disorderly Persons' act even though he drives so slowly and so skillfully and carefully that the public is not annoyed or endangered; but such a driver is clearly not guilty of a public nuisance."

The elements which were present in the case under review constitute a statutory offense under the act in question, that is, the defendant was driving an automobile upon a public highway while under the influence of intoxicating liquor. This was not necessarily a public nuisance and the complaint does not charge that the defendant committed a public nuisance. It may be that the defendant did commit a public nuisance, but even though this be so he was guilty of a violation of the section of the act in question, to wit, subdivision 3, section 14 of the so-called "Motor Vehicle act," as amended by chapter 211, *Pamph. L.* 1924. As was stated in the case of *State* v. *Rogers, supra*: "The question of the offense is determined not by the evidence which will be legally admissible under the complaint, but by the charge and the

evidence which is required to sustain that charge." Therefore, this contention of the defendant is without merit.

*Second*—The next point is that the act is unconstitutional because it grants to the magistrate and to the Court of Common Pleas on appeal the power to try a criminal offense without a jury. As has already been pointed out, the offense is not criminal within the meaning of that term—that is, it is not an offense which subjects the offender to indictment. *State* v. *Rogers, supra.*

*Third*—It is contended that the extent of the penalty determines the right to a trial by jury, citing an opinion of Chancellor Walker in the case of *Katz* v. *Eldridge,* 97 *N. J. L.* 123. The opinion of Chancellor Walker in that case was not concurred in by a majority of this court.

The case in this state, which seems to be most nearly in line with the case under review, is *State* v. *Lakewood Market Co.,* 84 *N. J. L.* 512. Mr. Justice Trenchard, in writing the opinion in that case, has quoted a number of cases and followed a line of reasoning which seems to answer the question here raised. And (at *p.* 523) Mr. Justice Trenchard says: "Lastly, it is contended that the judgment should be set aside because the justice of the peace refused the defendant below a trial by jury.

"We think not. It has been repeatedly held in this state that in a summary procedure for the collection of a penalty for violation of a police regulation neither party is entitled to a trial by jury." Citing a number of cases, among which was the case of *Minard* v. *Dover Gas Co.,* 47 *N. J. L.* 132, where an action was brought to recover a penalty of $200 for violation of section 33 of the Fish and Game act. Mr. Justice Trenchard, in concluding upon this point lays down the following rule: "The validity of a provision for the collection of a penalty by summary proceedings without a jury trial depends not upon the amount of the penalty to be so recovered, but upon the character of the statute to be so enforced, and upon the nature of the offense for which such penalty is provided." And he says (at *p.* 522) : "Our constitution contains no provision which limits the legislature as to the size of a penalty which may be recovered before

justices of the peace. The question as to whether jurisdiction of matters of this kind should be given to justices of the peace or to other magistrates or judges is a question to be solved solely by exercise of legislative discretion. In this connection it is to be observed that the justice of the peace in this case is not given the right to finally determine either the law or the facts, for by section 9 of the Fish and Game Procedure act (*Comp. Stat.,* p. 2558, § 257) the right of appeal is given to the Court of Common Pleas of the county in which the case is tried. At the trial of such appeal the case is tried *de novo,* both as to facts and law." Such is the provision in the statute questioned in the case under review, that is, it provides for a trial *de novo* before the Court of Common Pleas. And in addition to this the punishment to be meted out under said act is largely discretionary with the magistrate, and again with the Court of Common Pleas in case of a trial *de novo.* The punishment is not less than thirty days nor more than six months. And, again, in the case of *State* v. *Rogers, supra,* Mr. Justice Trenchard, in writing the opinion of this court, says: "No doubt the legislature has power to provide for the punishment of an offense which is disorderly conduct merely and not an offense indictable at common law by summary proceedings and without indictment and trial by jury." Citing a number of cases, among which is State *v.* Lakewood Market Co., above referred to, it thereby appears that this court cited with approval the Lakewood Market Company case as to the question here raised.

We are therefore of the opinion that this contention of the defendant is without foundation and that in this case under the so-called "Motor Vehicle act," as amended by *Pamph. L.* 1924, the defendant was not entitled to a trial by jury.

*Fourth*—The last point raised is that the act is unconstitutional because it provides for imprisonment upon conviction for a term of not less than thirty days nor more than six months in the county jail or work house. It is argued under this point that a commitment to the work house cannot be justified except in a case where a man has been indicted

and convicted upon such indictment, that the place of imprisonment is practically a prison instead of a mere jail. It is not necessary to pass upon such contention, for even though this were so the whole act would not be rendered unconstitutional thereby, but only that part which provides for imprisonment in a work house. The punishment in this case was thirty days in the county jail, which clearly is not prohibited by the constitution.

We are therefore of the opinion that this act (*Pamph. L.* 1924, *p.* 445) does not violate the provisions of the constitution, as urged by the defendant.

The judgment of the court below is therefore affirmed.

*For affirmance*—THE CHIEF JUSTICE, PARKER, MINTURN, KALISCH,. BLACK, CAMPBELL, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 12.

*For reversal*—None.