JOHN S. OWENS, PROSECUTOR, v. CITY OF CAMDEN, JOHN T. CLEARY, JUDGE OF THE CAMDEN CITY POLICE COURT, AND JAMES S. SMITH, CLERK OF CAMDEN CITY POLICE COURT, RESPONDENTS.

Decided March 9, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Joseph H. Carr* and *Walter Carson.*

For the respondents, *Howard L. Miller.*

PER CURIAM.

The prosecutor was convicted in the Camden city police court for a violation of sections 2 and 4 of an ordinance entitled: "An ordinance licensing and regulating any person or persons, firm, partnership, association or corporation carrying on any and every kind of business or occupation in the city of Camden, New Jersey," passed January 22d, 1925, and amended January 29th, 1925.

The essential part of the conviction reads as follows: "That upon a consideration of the stipulation heretofore mentioned and the law pertaining to said complaint, I do convict the said defendant, John S. Owens, of violating sections 2 and 4 of an ordinance entitled 'An ordinance licensing and regulating every person or persons, firm, partnership, association or corporation carrying on any and every kind of business or

occupation in the city of Camden, New Jersey,' passed January 22d, 1925, and amended January 29th, 1925, and sentence the defendant, John S. Owens, to pay to the clerk of this court the sum of $200, the penalty set forth in the said ordinance, and that in default of said payment he be committed to the county jail."

The complaint on which the prosecutor was tried and convicted charged him that on the 8th day of April, A. D. 1926, in the said city of Camden, while then and there conducting and carrying on the profession, occupation, trade or calling of dentist in said city of Camden aforesaid, he unlawfully did conduct and carry on said profession, occupation, trade or calling without having obtained a license from the department of revenue and finance of the city of Camden, contrary to the provisions of section 2 of an ordinance of the city of Camden entitled (title set forth as above).

Turning to section 2 of the ordinance it will be found that the section refers to more than fifty diverse trades, businesses, professions and vocations, and there is nothing in the complaint to indicate that the character of the act which the accused had performed was such that it brought his act within the description of carrying on and practicing dentistry in the city of Camden.

The ordinance is of a highly penal nature. The proceeding is a summary one. The settled legal rule is that nothing will be presumed or intended in favor of a validity of a complaint or of a conviction had thereon, in proceedings of this character. The mere statement in the complaint that the accused violated section 2, as a dentist, carrying on or conducting the practice of dentistry, without first having obtained a license for that purpose from the department of revenue and finance of the city of Camden is clearly a conclusion drawn from undisclosed facts.

It is to be observed that the conviction of the prosecutor is for a violation of sections 2 and 4 of the ordinance in question, whereas the complaint only charges the prosecutor for violation of the second section of the ordinance. This is a fatal defect. It is also to be observed that the conviction

does not set out of what particular act the prosecutor was convicted, and this is essential so that he may not be again prosecuted for the same violation.

In *Salter* v. *Bayonne,* 59 *N. J. L.* 128, the Supreme Court held that a record of conviction must show on its face every necessary ingredient of the offense, must set out the offense with which the defendant is charged, the names of the witnesses and sufficient of the evidence to show that the offense was committed, upon what evidence the conviction was had, and of what offense the offender was found guilty and the judgment which was imposed. See *Asbury Park* v. *Layton,* 69 *Id.* 559; *Orange* v. *McGonnell,* 71 *Id.* 418; *Loper* v. *City of Bridgeton,* 3 *N. J. Mis. R.* 439.

Counsel of prosecutor also contends that the city was not authorized to pass the ordinance in question.

Having reached the conclusion that the conviction must be set aside, we do not deem it to be necessary to consider whether or not the city was empowered by the statute of 1917, chapter 152 (at *p.* 358), as amended by the act of 1918 (*Pamph. L.*), whether in the groups enumerated who may be licensed, by a municipality, one who practices dentistry is included.

For the reason given, the conviction is set aside, with costs.