FRANK McKENNA, PROSECUTOR, v. CITY OF PATERSON, ANDREW W. BRENNAN, REGISTRAR OF LICENSES OF THE CITY OF PATERSON, AND HARRY JOELSON, RECORDER OF THE CITY OF PATERSON, RESPONDENTS.

Submitted May 26, 1933—Decided December 11, 1933.

Before Justice HEHER, pursuant to the statute.

For the prosecutor, *Cohn & Kohlreiter*.

For the respondent, *Salvatore D. Viviano* and *Charles F. Lynch*.

HEHER, J. This writ brings up the conviction of prosecutor on a complaint charging a violation of section 6 of an ordinance of the city of Paterson, entitled "An ordinance to license and regulate the business of transient merchants or itinerant vendors in the city of Paterson," approved December 19th, 1931. The return to the writ includes a stenographic transcript of the testimony taken on the hearing of the complaint.

It is necessary to consider only one of the reasons advanced by prosecutor for setting aside the conviction, viz., that the complaint did not charge a violation of the ordinance. The complaint, verified by the registrar of licenses of the city of Paterson, alleged that on February 23d, 1932, prosecutor, at 134 Market street, in the city of Paterson, "did offer for sale goods, wares, merchandise or bankrupt stock before applying for and receiving a license from the registrar of licenses of the city of Paterson, to do a transient business, in the said city of Paterson, county and state aforesaid, in violation of section 6," of the ordinance in question.

Section 6 of the ordinance provides that "a transient merchant or itinerant vendor defined in sections one and two of this ordinance, before offering for sale any goods, wares, merchandise or bankrupt stock, shall apply for and receive a license from the registrar of licenses of the city of Paterson to do a transient business." Section 1 of the ordinance provides that the words "transient merchants" or "itinerant vendors" shall be construed to mean and include persons who engage in a merchandising business "with intent to close out or discontinue such business within a period of one year from the date of commencement, and including those who for the purpose of carrying on such business, hire, or lease or occupy any building, structure or railroad car for the exhibition and sale of such goods, wares and merchandise." Section 2 provides that

the words "with intent to close out or discontinue such business" shall be construed to mean "the operation of the business at one address and the removal of a business from one address to another shall be deemed to be the closing out of the business, and the opening of a new business shall not be considered to mean the continuance of the same enterprise at another address."

Prosecutor seasonably challenged the sufficiency of the complaint. Manifestly, it did not charge a violation of the ordinance. The scheme of the ordinance was to require a license for the doing of a transient business. Only a "transient merchant" or "itinerant vendor," within the definition and intendment of the ordinance, was obliged, before offering goods, wares or merchandise for sale, to have the license prescribed by the ordinance. It does not appear from the allegations of the complaint that prosecutor was a transient merchant or itinerant vendor, within the definition of the ordinance. Unless he had such a status, a license was not a prerequisite to the right to offer goods, wares and merchandise for sale. It was incumbent upon the complainant to make allegations of fact, that, if true, would constitute a violation of the ordinance. In this respect the complaint in the instant case is obviously deficient. This ordinance is of a penal nature. The proceeding is a summary one. The settled legal rule is that nothing will be presumed or intended in favor of the validity of a complaint or of a conviction had thereon, in proceedings of this character. *Owens* v. *Camden,* 6 *N. J. Mis. R.* 279; 141 *Atl. Rep.* 24.

The complaint being deficient in this fundamental particular, the conviction must be set aside.

Conviction set aside, with costs.