JOHN HOMMEL, PROSECUTOR, v. TOWNSHIP OF EAST HANOVER, A MUNICIPAL CORPORATION IN THE COUNTY OF MORRIS, RESPONDENT.

Submitted January term, 1935—Decided April 15, 1935.

Before Justices HEHER and PERSKIE.

For the prosecutor, *Thomas Brunetto.*

For the respondent, *Harry Amsterdam (Abraham M. Herman,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. Section 1, of an ordinance of the respondent township, entitled "An ordinance concerning garbage disposal" provides: "no person, firm or corporation shall dump, deposit or place in the township of East Hanover any garbage collected outside of the township of East Hanover."

Prosecutor was charged with and convicted of having violated the aforesaid section of the ordinance, in that on the 12th day of October, 1934, he did dump, deposit and place garbage in the township of East Hanover, collected outside of the township of East Hanover. This writ of *certiorari* seeks to review the judgment of conviction.

Prosecutor assigns thirty-one purported reasons in support of his claims that the conviction should be set aside. Many of these reasons are merely restated in the prosecutor's brief without argument or supporting authorities. A reason so treated is a reason abandoned; it is not considered. There is, however, one substantial and meritorious reason assigned and argued as a result of which the conviction must be set aside.

It is the settled law that in a summary proceeding on a penal ordinance nothing will be presumed or intended in favor of the complaint, or of a conviction thereon. *Owens* v. *Camden,* 6 *N. J. Mis. R.* 279; 141 *Atl. Rep.* 24; *Haviland* v. *Egan,* 11 *N. J. Mis. R.* 799; 168 *Atl. Rep.* 171; *McKenna* v. *Paterson,* 11 *N. J. Mis. R.* 945; 169 *Atl. Rep.* 287.

Under the complaint as charged it was necessary for the respondent to prove first, that garbage was collected outside of the township, and second, that it was deposited in the township.

These essential facts were not proved. While there was proof that the prosecutor entered the township in question with garbage in his truck, there was no evidence that the garbage *was collected outside the township.* The only witness to testify in the case stated: *"Q.* Did you see any of this garbage placed in the truck, *A.* No. *Q.* The only knowledge you had of this garbage was when you first saw this truck, that is right, isn't it? *A.* Yes." This testimony fails to support the complaint and the conviction thereon.

As to the second essential, we also find an utter lack of proof. Frequent references are made to "John Earrusso's place" as the point where the prosecutor entered and, three or four hours later, emerged with his empty truck, but nothing appears in the case to show whether John Earrusso's place is within the township. The statement of a witness that the place is about three miles away from the point where the prosecutor was first observed in the township, does not offer any assistance. The cross-examination of the complaining witness is illustrative. "*Q.* Then you followed him to the Earrusso property? *A.* Yes. *Q.* Then you saw this truck enter the Earrusso property? *A.* Yes. *Q.* And then about three or four hours afterwards the same truck and the same driver emerged from the Earrusso property? *A.* Yes. *Q.* And at that time, in your opinion, there wasn't any garbage in the truck when you saw him come out, that is right, isn't it? *A.* That is right. *Q.* And that is your whole story? *A.* That is right." Nothing is presumed or intended in favor of the complaint or conviction in a proceeding of this character.

Counsel for the prosecutor at the end of the case made a motion to dismiss the complaint for the reason herein discussed. It was denied; this was erroneous. It is not necessary to discuss any of the other reasons that are properly assigned and argued.

Conviction is set aside, with costs.