THE STATE OF NEW JERSEY, RESPONDENT, v. HAROLD ROWE, PROSECUTOR.

Submitted January 25, 1935—Decided November 27, 1935.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the prosecutor, *Thomas Brunetto*.

For the respondent, *David T. Wilentz,* attorney-general.

The opinion of the court was delivered by

PERSKIE, J. Prosecutor, after being involved in an automobile accident with another automobile operated by one, Albert Zilske, was arrested and charged, in the manner and within the time prescribed by law (sections 25 and 31 of chapter 171, *Pamph. L.* 1931, *p.* 347), and was convicted of driving a motor vehicle on July 28th, 1934, on Broad street, a public highway of Bloomfield, New Jersey, while under the influence of intoxicating liquor (subdivision 3 of section 14 of our Motor Vehicle act, chapter 208, *Pamph. L.* 1921, *p.* 643, as amended by *Pamph. L.* 1931, *supra*). At the hearing proof was offered and admitted, although no reference was made thereto in the complaint, that prosecutor had been convicted of driving a motor vehicle while under the influence of intoxicating liquor on July 18th, 1924. The court upon consideration of all the proofs adjudged the prosecutor guilty of the instant charge and imposed the penalty authorized to be imposed upon second offenders. *Pamph. L.* 1931, *supra*. Prosecutor was committed to the Essex county jail for a period of three months and his license to operate a motor vehicle on the highways of this state was permanently revoked. The writ of *certiorari* in this case, seeks to review the legality of the conviction and sentence thus imposed upon the prosecutor.

Thirteen reasons are assigned for the prosecutor in support of the contention that the conviction and sentence imposed should be set aside. It will serve no useful purpose to re-state them. Suffice it to state that of the thirteen reasons assigned those meriting consideration may be and are grouped under the following subdivisions: (1) jurisdiction; (2) constitutionality of the provision of the act in question; and (3) weight of evidence. They will be considered accordingly.

First: It is stoutly urged that since there was no reference to the conviction of 1924 in the instant complaint, and since "the court tried and convicted him [prosecutor] as a second offender" the court was without jurisdiction in the premises. This is not so. The court had general and particular jurisdiction of the subject-matter; and it had jurisdiction of the person, the prosecutor. There was a hearing on the merits at

which prosecutor was represented by counsel; the latter militantly participated at the hearing; proof was offered by and for the prosecutor. It is, perhaps, sufficient answer, under these circumstances, to say that prosecutor cannot now be heard to complain. *State* v. *Rosenblum*, 100 *N. J. L.* 240; 126 *Atl. Rep.* 852; *affirmed*, 102 *N. J. L.* 125; 130 *Atl. Rep.* 614; *State* v. *Baker*, 102 *N. J. L.* 349; 133 *Atl. Rep.* 745; *State* v. *Paerles*, 10 *N. J. Mis. R.* 355; *Goodman* v. *Eggers*, 11 *Id.* 811, 812; *State* v. *Knowles. Id.* 913. But, be that as it may, prosecutor's argument is based on false premises. The former conviction had nothing whatever to do with the guilt or innocence of the prosecutor on the instant charge. Nor was he tried on the former charge. The former conviction was relevant, in so far as the law made it so, on the question of punishment only.

It is further argued for the prosecutor that the law is that where by statute, a second offense makes the accused liable to a different and greater punishment, the offense is considered a first offense, unless a former offense of the same kind is alleged in the indictment and proved. *Weeks* v. *State*, 101 *N. J. L.* 15; *State* v. *Garton*, 102 *Id.* 318. The cited cases unquestionably support the law cited. But does it avail prosecutor? Our answer is no. We base that answer on the fact that the decision of the Supreme Court in the Weeks case and the decision of the Court of Errors and Appeals in the Garton case were made in 1925 and 1926, respectively. The legislature, fully cognizant of these decisions, amended the act in 1931 so that the last sentence of subdivision 3 of section 14, now reads as follows: "Any person who has been, in fact, convicted of a previous violation of this section, need not be charged as a second offender in the complaint made against him in order to render him liable to the punishment imposed by this section upon a second offender." The act as thus amended is controlling, unless, as contended, it is unconstitutional.

Second: Is the act of 1931, *supra*, unconstitutional? It is so argued because it is claimed that it violates paragraph 8 of article I of the state constitution and the sixth amendment of the federal constitution. The basis for this contention

again relates to the failure to set out the prior conviction in the complaint on the instant charge. Especially is it contended that the failure to set out the prior conviction breached the aforesaid provisions of both constitutions, which provide "that the accused in *a criminal proceeding* shall be informed of the *nature and cause* of the accusations made against him." We think that there is no substance to this contention.

This is not a criminal prosecution. *State* v. *Rosenblum, supra; State* v. *Rodgers,* 91 *N. J. L.* 212; 102 *Atl. Rep.* 433; *Latimer* v. *Wilson,* 103 *N. J. L.* 159; 134 *Atl. Rep.* 750; *State* v. *Blaine,* 104 *N. J. L.* 325; 140 *Atl. Rep.* 566. It has been likened to a proceeding in cases of bastardy, desertion, removal of paupers and the like. *State* v. *Rosenblum, supra.* It is, however, the settled law that our Motor Vehicle act is a penal statute; it is *quasi*-criminal in its nature. *State Board, &c.,* v. *McCloskey,* 87 *Id.* 470, 476; *Watt* v. *Wallerius,* 99 *Id.* 370, 371. Conceding but not so deciding, that the complaint in a *quasi*-judicial criminal procedure must, in exactness, measure up to and comply with the exactness of an indictment in a criminal procedure, was the complaint, in the instant case, defective? We do not think so.

True it is that in a summary proceeding on a penal ordinance or statute, nothing will be presumed or intended in favor of the complaint or conviction thereon. *Owens* v. *Camden,* 6 *N. J. Mis. R.* 279; 141 *Atl. Rep.* 24; *Haviland* v. *Egan,* 11 *N. J. Mis. R.* 799; 168 *Atl. Rep.* 171; *McKenna* v. *Board of Police and Fire Commissioners, Paterson,* 11 *N. J. Mis. R.* 945; 169 *Atl. Rep.* 287; *Hommel* v. *Township of East Hanover,* 13 *N. J. Mis. R.* 446; 178 *Atl. Rep.* 189. But, there is no necessity here to presume or intend anything to sustain the complaint or the conviction thereon. The prosecutor was informed that on a day and place certain he was driving a motor vehicle while under the influence of intoxicating liquor. The "nature and cause" of the accusation or complaint were stated with precision and clarity. There could be no doubt of the charge that prosecutor was called upon to meet.

It is, however, argued for the prosecutor that the failure to set out the prior conviction was an invasion of his funda-

mental rights; that it was a denial of the due process of law within the intendment of the fourteenth amendment to the federal constitution and of the fundamental guaranty in the bill of rights and embodied in article I, paragraph 1, of our state constitution.

True it is that in the criminal law there is a field rich and weighty with judicial pronouncements tending to support this contention. The substantial basis underlying these pronouncements being that the prior conviction is an element of the offense in the sense of aggravation calling for a severer punishment than that imposed for the first transgression. See cases collated in annotation—Increased Penalty—Second Offense, 58 *A. L. R.* 20.

But, bearing in mind, as we must, that this is not a criminal proceeding; that the opportunity of investigation of the record, as to prior convictions, of one apprehended for the violation of our Motor Vehicle act is usually inopportune; that the prosecutor here did not upon the offer of his prior conviction plead surprise or ask for a postponement so that he might be prepared to meet the offer; that he admitted the fact of his prior conviction; that the resultant consequences of driving an automobile while under the influence of intoxicating liquor are appalling; that in construing a statute we must consider the old law, the mischief and remedy (*Stephenson* v. *Stephenson,* 102 *N. J. Eq.* 50, 54; 139 *Atl. Rep.* 721), it is rather difficult to perceive how, if any, substantial rights of the prosecutor were injuriously affected, *i. e.,* how he was harmed, or what fundamental rights of his were invaded?

Even where it is held that the fact of a prior conviction must be pleaded and proved, it has been held that on a charge (indictment) of a "second" or "subsequent offense" where the accused confesses the fact of prior conviction it is unnecessary to prove the fact. See cases, 58 *A. L. R.* 30. Obviously, grave injustice would result were it held otherwise.

Were we, however, inclined to the view held in criminal cases, that fundamental rights of the prosecutor were invaded; that prosecutor was entitled to be informed of his prior conviction in the first instance, or at some other and appropriate time and manner, be heard on that fact (*Graham* v. *West*

*Virginia,* 224 *U. S.* 616; 32 *S. Ct.* 583; 56 *L. Ed.* 917),
the question here is still purely academic; the prosecutor
admitted his prior conviction.

It is further argued that the act of 1931, *supra,* is uncon-
stitutional because it violates paragraph 3, section VII of
article IV (state constitution) and paragraph 3, section IX
of article I (federal constitution) which prohibit the passage
of *ex post facto* laws.

It is contended for the respondent that the constitutional
prohibitions against the passage of *ex post facto* laws are
limited to criminal *prosecutions* only. *State* v. *Rosenblum,*
*supra; State* v. *Rodgers, supra; Latimer* v. *Wilson, supra;*
*State* v. *Blaine, supra.* See, also, 1 *Cooley Const. Lim.*
(1927) (8*th ed.*) 541, 545, 553.

But assuming that the constitutional provisions aforesaid
also apply to cases of a penal and *quasi*-criminal nature
(*Bonney* v. *Collector of Bridgewater,* 31 *N. J. L.* 133, 135;
compare, *Moore* v. *State,* 43 *Id.* 203), was the act of 1931,
*supra,* an *ex post facto* law? We do not think so.

What is an *ex post facto* law? In *Lindley* v. *Board of*
*Managers, &c., State Prison,* 107 *N. J. L.* 51; *affirmed,* 108
*Id.* 415, Mr. Justice Case, speaking for the Supreme Court
(at *pp.* 55, 56), collated the general accepted classifications
of *ex post facto* laws, as follows:

"1. A law which provides for the infliction of punishment
upon a person for an act done, which, when it was committed,
was innocent.

"2. A law which aggravates a crime or makes it greater
than when it was committed.

"3. A law that changes the punishment or inflicts a greater
punishment than the law annexed to the crime when it was
committed.

"4. A law that changes the rules of evidence and receives
less or different testimony than was required at the time of
the commission of the offense in order to convict the offender.
*People* v. *Hayes,* 140 *N. Y.* 484; *Calder* v. *Bull,* 3 *Dall.*
386; 1 *L. Ed.* 648.

"Other classes sometimes added to the foregoing are:

"5. A law which, assuming to regulate civil rights and

54

remedies only, in effect, imposes a penalty or the deprivation of a right which, when done, was lawful.

"6. A law which deprives persons accused of crime of some lawful protection to which they have become entitled; such as the protection of a former conviction or acquittal, or of the proclamation of amnesty. *Cooley Const. Lim.* 286.

"Throughout the several jurisdictions variations of and extensions to the foregoing have occurred and such, 'to make the classification sufficiently general to embrace all the laws which have been adjudged *ex post facto,*' have been assembled by 12 *C. J.* 1101, into a further class, viz.: 'Every law which in relation to the offense or its consequences, alters the situation of a person to his disadvantage.'"

The law applicable in 1924 was regulated by chapter 136, *Pamph. L.* 1923, *p.* 297, and was as follows: "No person shall operate a motor vehicle while under the influence of intoxicating liquor · * * *. Any person who shall violate this provision, shall, upon conviction thereof, be punished by an imprisonment of not less than thirty days and not more than six months in the common jail * * * and shall forthwith forfeit his right to operate a motor vehicle over the highways of this state; and no new license shall be issued by the Commissioner of Motor Vehicles to any person convicted of operating a motor vehicle while under the influence of intoxicating liquor * * * until one year after the date of his or her conviction, if for a first offense, or five years after any subsequent conviction."

The law applicable in 1934 is regulated by chapter 171, *Pamph. L.* 1931, *p.* 368, and is as follows: "No person shall operate a motor vehicle while under the influence of intoxicating liquor * * *. Any person who shall violate this provision shall, upon conviction thereof for a first offense, be subject to a fine of not less than two hundred dollars ($200.00) or more than five hundred dollars ($500.00), or to imprisonment for a term of not less than thirty days, and not more than three months * * *. Any person who shall violate this provision, having been convicted of a previous violation thereof, shall be imprisoned for a term of three months and shall forfeit his right to thereafter operate a

motor vehicle over the highways of this state.  *  *  *  Any person who has been in fact, convicted of a previous violation of this section, need not be charged as a second offender in the complaint made against him in order to render him liable to the punishment imposed by this section upon a second offender."

Obviously the punishment for a second offender was greater in 1934 than it was in 1924. And notwithstanding the fact that the legislation complained of would appear to come within the accepted classification of *ex post facto* laws, as hereinabove set forth, yet, courts and legal text writers agree that statutes of which *Pamph. L.* 1931, *supra,* is typical are not *ex post facto* laws. The reasons underlying such holding are that the punishment, as here, is not a punishment for the first offiense; it is a punishment for the subsequent offense. And the punishment for the subsequent offense is made the greater because the prosecutor has by his prior conviction brought himself within a class established by law as deserving and requiring a more severe punishment and restraint than he otherwise would have received. Thus it was held in Iowa *ex rel. Gregory* v. *Jones* (1904), *D. C.* 128 *Fed. Rep.* 626, that a statute enhancing the punishment for a second or subsequent offense is not an *ex post facto* law merely because the prior offense occurred before the statute in question was enacted or became effective. The court in discussing the case further stated: "*  *  * But the case of *Commonwealth* v. *Graves,* 155 *Mass.* 163; 29 *N. E. Rep.* 579; 16 *L. R. A.* 256, is in point. In that case the offense pleaded as a prior conviction was committed prior to the enactment of the statute under which the conviction appealed from was enacted. And it was held that the statute, as thus construed, was not an *ex post facto* law. *Sturtevant* v. *Commonwealth,* 158 *Mass.* 598; 33 *N. E. Rep.* 648, is of like holding. And so is *In re Miller (Mich.),* 68 *N. W. Rep.* 990; *Blackburn* v. *State,* 50 *Ohio St.* 428; 36 *N. E. Rep.* 18, is squarely in point." *  *  *  It is always with satisfaction that quotations are made from Cooley's Constitutional Limitations—one of the few really great text books. That work (*7th ed.*—at *p.* 383), recites:

" 'And a law is not objectionable as an *ex post facto* which, providing for the punishment of future offenses, authorizes the offender's conduct in the past to be taken into the account, and have the punishment to be graduated accordingly. Heavier penalties are often provided by law for a second or any subsequent offense than for the first, and it has not been deemed objectionable that, in providing for such heavier penalties, the prior conviction authorized to be taken into the account may have taken place before the law was passed. In such case it is the second or subsequent offense that is punished, not the first; and the statute would be void if the offense to be actually punished under it had been committed before it had taken effect, even though it was after its passage.' "

In *State* v. *Woods, 68 Me.* 409, referring to a certain statute of that state which prescribed a heavier penalty for an unlawful sale of liquors on second conviction than existed under the prior law, it was held to be not invalid, as being an *ex post facto* law, when applied to a second offense, committed after the passage, although the first conviction occurred before the passage.

In *Graham* v. *West Virginia, supra,* Mr. Justice Hughes held (56 *L. Ed.*—at *p.* 921) :

"The propriety of inflicting severer punishment upon old offenders has long been recognized in this country and in England. They are not punished the second time for the earlier offense, but the repetition of criminal conduct aggravates their guilt and justifies heavier penalties when they are again convicted. Statutes providing for such increased punishment were enacted in Virginia and New York as early as 1796 and in Massachusetts in 1804. and there have been numerous acts of similar import in many states. This legislation has uniformly been sustained in the state courts (*Ross's Case, 2 Pick.* 165, 170; *Plumbly v. Com., 2 Met.* 413, 415; *Com.* v. *Richardson,* 175 *Mass.* 202, 205; 55 *N. E. Rep.* 988; *Rand* v. *Com.,* 9 *Gratt.* 740, 741; *King* v. *Lynn,* 90 *Va.* 345, 347; 18 *S. E. Rep.* 439 ; *People* v. *Stanley,* 47 *Cal.* 113; 17 *Am. Rep.* 401; *People* v. *Coleman,* 145 *Cal.* 609; 79 *Pac. Rep.* 283; *Ingalls* v. *State,* 48 *Wis.* 647; 4 *N. W.*

*Rep.* 785; *Maguire* v. *State,* 47 *Md.* 485; *State* v. *Austin,* 113 *Mo.* 538; 21 *S. W. Rep.* 31), and it has been held by this court not to be repugnant to the federal constitution. *Moore* v. *Missouri,* 159 *U. S.* 673; 40 *L. Ed.* 301; 16 *Sup. Ct. Rep.* 179; *McDonald* v. *Massachusetts,* 180 *U. S.* 311; 45 *L. Ed.* 542; 21 *Sup. Ct. Rep.* 389."

It is further argued that the act of 1931, *supra,* is unconstitutional in that it violates paragraph 4, section VII of article IV of the state constitution, which provides that every law shall embrace but one subject and shall be expressed in the title. In support of this contention it is pointed out for the prosecutor that subdivision 1 of section 14 makes it a misdemeanor for one to "operate or use any motor vehicle without permission of the owner," the punishment on conviction being a fine not exceeding $2,000 or imprisonment not exceeding two years, or both, at the discretion of the court; and this although no reference to crime or misdemeanors is to be found in the title of the act.

This objection is serious. But the question presented is not before us in this case. We, therefore, express no opinion thereon. It may, however, not be out of place to mark the fact that the instant complaint and conviction were not based on subdivision 1 of section 14 of the act; they were based, on subdivision 3 of section 14 thereof. We desire to also point out that section 40 of the act of 1921 (chapter 208, page 687), provides:

"In case for any reason any section or any provisions of this act shall be questioned in any court, and shall be held to be unconstitutional or invalid, the same shall not be held to affect any other section or provision of this act."

It is obvious that subdivision 1 of section 14, *supra,* stands by itself; it is clearly a separate and distinct provision of the act; it does not, therefore, affect the constitutionality of the particular section (subdivision 3, of section 14) in question. *McGlynn* v. *Grosso,* 114 *N. J. L.* 540.

Third: Does the evidence support the conviction? It is not the function of this court to weigh the evidence. *Vandergrift* v. *Meihle,* 66 *N. J. L.* 92; *Levine* v. *State,* 110 *Id.* 467; *Dziatkiewicz* v. *Township of Maplewood,* 115 *Id.* 37;

178 *Atl. Rep.* 205. But we have examined the proofs and find that they amply and fully support the result reached; we so hold.

In fine, we hold that subdivision 3 of section 14 of chapter 208, *Pamph. L.* 1921, *p.* 643, as amended by chapter 171, *Pamph. L.* 1931, *p.* 347, is not repugnant to either the state or federal constitution; it is constitutional. The conviction and penalty imposed on the prosecutor is legal; it should not be disturbed, and the judgment is affirmed.

The writ of *certiorari* is dismissed, with costs.

HEHER, J., dissents.