CECIL A. TUCKER, PROSECUTOR, v. HARRY RANDALL, ACTING RECORDER OF THE TOWNSHIP OF WASHINGTON, AND THE TOWNSHIP OF WASHINGTON, RESPONDENTS.

Submitted May term, 1940—Decided July 9, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PERSKIE.

For the prosecutor, *Abram Waks* (*Paul Rittenberg,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. The writ of *certiorari* in this case brings up for review prosecutor's conviction in the Recorder's Court of the township of Washington. His conviction is based upon a complaint which, among other things, charges that on June 19th, 1938, in the township of Washington, he "did solicit from house to house the gift of money for the use and benefit of an institution or organization in violation of section 3 chapter 111 of Ordinance No. 46 (Washington Township Code) * * *."

Section 3 of said code provides as follows:

"3. Without having first obtained a permit therefor, no person shall solicit from house to house or in any public street, park or public place, the gift of money, clothing or other thing for the use and benefit of any charitable, or other institution, organization, or cause, public or private or for any use or purpose whatsoever."

The proofs, substantially stated, disclose that prosecutor is a member of an organized religious group or sect (Watch Tower Bible and Tract Society) more commonly known as "Jehovah's Witnesses." In pursuance of the beliefs of his group or sect, prosecutor conscientiously believes, among other things, that to obtain a permit (a man made requirement) to preach the gospel of God's Kingdom would require him to do that which is in disobedience of the command of Almighty God.

The proofs further disclose that prosecutor, without the required permit, did on June 19th, 1938, call upon one Margaret Heinz in Washington township so that he might preach the beliefs of his group or sect. He found her to be one who apparently was familiar with, and favorable to, the beliefs

preached by prosecutor. In fact she had donated to the organization in question for about seven or eight years. Although prosecutor asked her for only a twenty-five cent donation, Mrs. Heinz voluntarily gave him a dollar for which, in turn, she received a paid up subscription to a magazine, "Consolation," and two small books, "Riches" and "Cure."

Upon the proofs so adduced the acting recorder found, apart from the questions of the right to "religious liberty" and the right to the "distribution of literature," that the regulation here in issue was valid under the police powers of the state. The tenuous justification for invoking these police powers was found in the municipality's right to regulate persons coming into the municipality and "to ascertain who those persons are." Accordingly, he adjudged prosecutor guilty as charged and imposed a sentence of $10 plus $2 costs. It is the propriety of the judgment based upon that sentence that is now challenged.

That challenge is submitted to us for the prosecutor on brief. Five points are argued. No brief is submitted for respondents.

Of the five points argued two (1 and 5) require consideration.

1. Is the complaint defective? Our answer is in the affirmative.

It is the settled law that in a summary proceeding on a penal ordinance—as here—nothing is presumed or intended in favor of the complaint or the conviction thereunder. *Owens* v. *Camden, 6 N. J. Mis. R.* 279; 141 *Atl. Rep.* 24; *Haviland* v. *Egan, 11 N. J. Mis. R.* 799; 168 *Atl. Rep.* 171; *McKenna v. Board of Police and Fire Commissioners, Paterson, 11 N. J. Mis. R.* 945; 169 *Atl. Rep.* 287; *Hommel* v. *Township of East Hanover, 13 N. J. Mis. R.* 446; 178 *Atl. Rep.* 189; *State* v. *Rowe, 116 N. J. L.* 48, 51; 181 *Atl. Rep.* 706; *affirmed, 122 N. J. L.* 466; 5 *Atl. Rep.* (2d) 697. The complaint neither alleges that prosecutor solicited "without first having obtained a permit" nor does it allege the name of the organization or institution for whose use and benefit the solicitations were made. The complaint and conviction thereunder are, therefore, fatally defective.

2. Does the conviction trench upon prosecutor's "inestimable privilege of worshiping Almighty God in a manner agreeable to the dictates of his own conscience," article 1, section 3 of our State Constitution, and upon section 1 of the Fourteenth Amendment to our Federal Constitution? Our answer again is in the affirmative. *Schneider* v. *New Jersey, 308 U. S.* 147; *McLean* v. *Mackay,* 124 *N. J. L.* 91; 10 *Atl. Rep.* (*2d*) 733.

The conviction is set aside, with costs.