JAMES CARROLL, DEFENDANT-PROSECUTOR, v. FIRST CRIMINAL COURT OF JERSEY CITY, COMPLAINANT-RESPONDENT.

Argued October 6, 1942—Decided February 1, 1943.

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutor, *Levitan & Levilan* (*Abraham Levitan,* of counsel).

For the respondent, *Charles A. Rooney* (*John F. Lynch,* of counsel).

The opinion of the court was delivered by

PERSKIE, J.   The basic question requiring decision is whether prosecutor's conviction as a disorderly person was proper.

Prosecutor Carroll challenges the propriety of the judgment of his conviction as a disorderly person entered against him, in the First Criminal Court of Jersey City, on a complaint which charged that on June 25th, 1942, he was apprehended at Princeton and Gates Avenues, in Jersey City, that he "could not give a good account of himself," and that he was "in this state for an unlawful purpose." *N. J. S. A.* 2:202-16.   He was committed to the penitentiary of the County of Hudson for a period of one year. *N. J. S. A.* 2:205-1.

Three others (Dominick Warn, August Latzo and Joseph Sabo) were likewise charged, convicted and punished. Each was allowed a writ of *certiorari* to review his conviction. On the representation that the four writs were based upon the "identical facts and law," a justice of this court, with the consent of counsel for the respective parties, ordered that the four cases be "consolidated," that they be "argued together" upon the record submitted in the Carroll case, and that the decision in the Carroll case be "dispositive" of the issues of "law and facts" in the other three cases.

From the record thus submitted it is clear that the proofs are not in dispute. While ours is not the duty, in a case of this type, to "weigh the evidence," even if it be in dispute (*Cf. State* v. *Rowe*, 116 *N. J. L.* 48, 57, 58; 181 *Atl. Rep.* 706; *affirmed*, 122 *N. J. L.* 466; 5 *Atl. Rep.* (2d) 697), nor to "resolve factual disputes," if there be any "legal evidence to sustain them" (*Cf. State* v. *Czarnicki*, 124 *N. J. L.* 43, 46, 47; 10 *Atl. Rep.* (2d) 461), nonetheless, we shall make brief reference to the undisputed facts as exhibited to the end of disposing the frivolous argument made, namely, that the proofs neither support the complaint nor the conviction. The proofs are in substance as follows:

On the morning of the day in question (June 25th, 1942), the police of Jersey City, at the Fifth Precinct Station, received a telephone call "that there was a group of four or five suspicious men at a saloon at Gates and Princeton Avenues." Because of this information, because "there had previously been a hold-up at a saloon in that neighborhood," and because the day in question was a pay day for the Pennsylvania Railroad, several officers "immediately" went to the scene and found a group of men of whom prosecutor was one. Prosecutor was stopped as he came out of the saloon. On questioning he stated that he was a resident of New Brunswick, in this state; that he had come to Jersey City "to see a man * * * about a job for a friend." In answer to a question as to whether he had ever been convicted, he said that "he had been on parole for a charge of death by auto * * *" and that he had previously "been arrested as a disorderly person in New Brunswick." Carroll subse-

quently admitted that his answers were not true and that he had actually come to Jersey City to get into a "crap game;" that he had been in the rear of the stated saloon a few days before and "saw a crap game in which a fellow had won $800;" that he "had won it easily," so "he told his friends about it" and that "then all decided to break into the game and get some easy money." Prosecutor's criminal record, verified by himself, contained at least twelve encounters with the law for the period from 1934 to 1942, including, but not limited to, convictions for malicious mischief, grand larceny, breaking and entering, larceny of automobile, for being drunk and disorderly and for assault and battery. (Parenthetically, it is interesting to observe the printed length of the criminal records of all prosecutors; they comprise about six pages.)

Prosecutor's conviction was proper. His arrest was legal notwithstanding that the officers had no warrant. *N. J. S. A.* 2:206-2. It is not open to the prosecutor to argue the point for the first time, as he does, that the complaint is "vague, indefinite and insufficient in law." Prosecutor was represented by counsel at the hearing which took place on July 9th, 1942. No objection was made to the form of the complaint or otherwise, and prosecutor participated in the hearing on the merits. *Kluczek* v. *State*, 115 *N. J. L.* 105; 178 *Atl. Rep.* 632; *State* v. *Rowe, supra* (at *p.* 50). Especially is this so when, as here, the point urged does not relate to "an error of law" exhibited on the face of the record; nor to "jurisdiction," nor to "public policy." *State* v. *Czarnicki, supra* (at *pp.* 46-47.) Our Disorderly Persons Act (*N. J. S. A.* 2:202-16) is constitutional. *McNeilly* v. *State*, 119 *N. J. L.* 237; 195 *Atl. Rep.* 725. The court below had unchallenged jurisdiction over the subject-matter and of the person of the prosecutor.

Moreover, the complaint couched in the language of the statute, was sufficient. *Cf. Levine* v. *State*, 110 *N. J. L.* 467, 471; 168 *Atl. Rep.* 300. Prosecutor well knew the charge made against him. He asked for no further particulars. He admitted the truth of the charge which was based upon his own admission. He merely sought to invoke the mercy of the court.

The court was not moved by the plea for mercy and the penalty imposed was within the limit authorized by the act. *N. J. S. A.* 2:205-1.

We have considered all other points argued and find them to be without merit.

Accordingly, the judgment in this case, and the judgment in each of the three other cases named, is affirmed, and the writ in each case is dismissed, with costs.