JAMES A. SHARKEY, PROSECUTOR, v. GEORGE W. T. WILKINSON, DEFENDANT.

Argued July 30, 1945—Decided August 2, 1945.

Before Justice DONGES.

For the prosecutor, *Albert B. Melnick*.

For the defendant, *Gene R. Mariano*.

DONGES, J.  Prosecutor was convicted on December 8th, 1944, of driving an automobile while under the influence of intoxicating liquor in violation of *R. S.* 39:4–50 and now seeks a writ of *certiorari* to review such conviction.

Respondent urges that the writ should not issue because prosecutor was guilty of laches in applying for the writ.  The rule to show cause was allowed on March 19th, 1945, something over three months after the conviction.  It is not pointed out in what regard the respondent was prejudiced by this lapse of time, or that the lapse of time in any way altered the position of the parties.

The allowance of the writ is a matter of discretion, and in the absence of any showing that the respondent was prejudiced the time that elapsed between the conviction and the application for the writ cannot be said to be unduly long.

It is my conclusion that the writ should issue and it is accordingly allowed.  Counsel stipulated that if it was determined that the *certiorari* should issue that I should proceed to determine the case upon its merits.

From the depositions taken upon the rule to show cause why a writ of *certiorari* should not issue, which are now presented for determination of the case upon the merits, it appears that prosecutor, with his father and mother and another female occupant of prosecutor's automobile, were proceeding on the Gibbsboro-Haddonfield Road in Camden County, when some mechanical difficulty arose and caused the automobile to stop. After some difficulty with one Michael J. Mongo, who alleged his vehicle was damaged by the act of the prosecutor in causing a car ahead of Mongo to stop suddenly, prosecutor's car was driven to Pennsauken Township by one Devlin.  Mongo went to the Pennsauken police station and made complaint against Sharkey of driving his automobile while under the influence of intoxicating liquor and Sharkey was picked up

and taken to the police station. A state trooper, Stuebing, arrested the prosecutor. This was about ten minutes after nine in the morning, according to the testimony of Stuebing and other witnesses. Thereupon a physician was summoned and, somewhere from 9:30 to 10 o'clock prosecutor was examined by said physician who reported that he was under the influence of liquor and unfit to drive an automobile. Thereupon, Stuebing sought the township recorder, but was unable to locate him, whereupon he took the prosecutor and his father and mother to Magnolia, where he located the respondent, a justice of the peace; before whom he made complaint against prosecutor, who was immediately put on trial. This trial, according to the testimony, occurred about 11 o'clock in the morning, or approximately one hour or an hour and a quarter after the physician's examination.

It appears that prosecutor pleaded "not guilty," according to the depositions, and the hearing began. Two witnesses were sworn, namely Mongo, who procured prosecutor's arrest, and Devlin, the boy who drove the Sharkeys to Pennsauken. The physician was not present at the hearing but his certificate was admitted in evidence. This was clearly improper. *Krultschnitt* v. *Hagaman,* 128 *N. J. L.* 246. No witnesses were offered by prosecutor, nor was there any cross-examination. The justice of the peace found prosecutor guilty as charged, and imposed a penalty of $200, and costs of $23.50 and committed prosecutor to the Camden County jail until the penalty and costs were paid. Stuebing thereupon took prosecutor to the county jail, where he was detained until his parents deposited the required sum.

Prosecutor raises a number of objections, but I deem it necessary to deal with only one, namely, whether prosecutor was accorded a fair and adequate trial. From the uncontradicted testimony I conclude that he was not and that the conviction must be set aside.

The prosecutor, his father and his mother testified that he was clearly under the influence of liquor during the entire morning; that upon their arrival in Pennsauken they proceeded to a saloon in Camden, where prosecutor indulged in a number of alcoholic drinks. All of the witnesses for re-

spondent, Mongo, Devlin, Stuebing and the respondent, testified that prosecutor was intoxicated when he was arrested, but they said he knew what was going on when he was being tried. The respondent was evidently impressed by the condition of the prosecutor during the trial and his conclusion may have been influenced by his observation of it. He testified on cross-examination, as follows:

"Q. Remember telling me this boy was in pretty bad condition when he was down there? A. No. I told you he wasn't in a condition to operate an automobile.

"Q. When he was down there before you? A. Yes, even when he left my office.

"Q. He wasn't fit to drive a car then? A. That is right.

"Q. That is because he was drunk, is that right? A. Well, under the influence.

"Q. Of liquor? A. I am not a judge of liquor."

And on re-direct examination:

"Q. You say, judge, he was still unfit to operate an automobile while he was before you? A. That is right before when he left my place, shortly before 12 o'clock."

It is apparent, therefore, that, despite the insistence of respondent and his witnesses that prosecutor comprehended the nature of the proceedings, the prosecutor was not in a normal state and could not know his rights and properly maintain them. The mother testified that she asked for a lawyer. This was denied. But whether such request was made, it is perfectly obvious that the trial was conducted in haste and without proper regard for the rights of a person accused of a *quasi*-criminal offense. Evidential of this attitude is the testimony of the state trooper as follows: "I said, judge * * * I said, 'I can't wait around until they raise the money, I certainly am not going to take them home with me, you will have to make out the commitment,' and the judge made out the commitment. Q. And you took the defendant, now the prosecutor, to the Camden County jail? A. Yes, sir."

As was said in *Kruttschnitt* v. *Hagaman, supra:*

"Assuming, however, without so deciding. that prosecutor was not under the influence of intoxicating liquor, our result is the same. Prosecutor was purportedly tried on a charge

which is *'quasi*-criminal in its nature.' *State* v. *Rowe,* 116 *N. J. L.* 48; 181 *Atl. Rep.* 706; *affirmed,* 122 *N. J. L.* 466; 5 *Atl. Rep.* (*2d*) 697. Trial on such a charge, even in a summary proceeding, must be so conducted as to respect and safeguard the rights of the accused. *Johnson* v. *City of Wildwood.*" 116 *N. J. L.* 462, 464.

In the instant case it is evident that prosecutor's right to defend himself in a timely and orderly proceeding and to have the benefit of counsel, if he so desired, was not accorded to him.

The conviction is set aside.